PAGE *v.* STATE OF INDIANA.

[No. 29,379.   Filed October 5, 1956.]

*Russell S. Armstrong* and *Youngblood & Lockyear,* of Evansville, for appellant.

*Edwin K. Steers,* Attorney General, and *Owen S. Boling,* Deputy Attorney General, for appellee.

BOBBITT, J.—Appellant was charged by affidavit with assault and battery with intent; tried by jury, and found guilty of the lesser included offense of assault and battery and sentenced accordingly.

The sole question here presented is whether or not the court erred in appointing Robert J. Hayes, an officer of the Vanderburgh Circuit Court, to represent the defendant. It is contended by appellant that the court appointed an attorney for him without determining

whether or not he was financially able to employ counsel and without advising him of his right to counsel of his own choice, thereby denying him the opportunity of choosing his own counsel.

The certificate of the official reporter of the Vanderburgh Circuit Court, which appears in the record as an exhibit to the State's answer to defendant-appellant's motion for a new trial, recites the following proceedings as having occurred on June 20, 1955, the date set for appellant's arraignment:

"Court: How old are you?

"Defendant: Thirty-four.

"Court: You are charged with Assault and Battery with Intent to Murder by Cutting, do you have a lawyer?

"Defendant: Not yet, I haven't.

"Court: Are you going to get one?

"Defendant: I am going to try to get one.

"Court: In the meantime, show the appointment of Mr. Robert J. Hayes, to represent the defendant. You can get an attorney if you want to, but get him right away and Mr. Hayes will get out if you get one. The bond in this cause is $1,000.00.

"Mr. Hayes: Can the arraignment be deferred until the 22nd Judge, if that is all right.

"Court: In No. 6586, arraignment is deferred until June 22, 1955."

Appellant asserts that the only evidence in the record on this issue is his affidavit in support of his motion for a new trial, "which has not been denied under oath by the appellee herein or directly disputed by any counter-affidavits presented by the State of Indiana." It is contended that the certificate of the court reporter is not an affidavit within the meaning of Rule 1-15 of this court, hence it could only become a part of the record, via, a special bill of excep-

tions. We do not agree. We believe that the reporter's certificate herein must be considered as an affidavit for the purpose of Rule 1-15, and under such rule it is a part of the record without a bill of exceptions.

We agree with appellant that a defendant cannot be compelled to accept counsel appointed by the court;[1] that an accused should have an opportunity to secure counsel of his own choice;[2] and that where he is financially able to employ counsel, he should not be accorded a defense as a poor person.[3] However, the record here shows that appellant was given an opportunity to secure counsel of his own choice and to state to the court that he was financially able to secure counsel of his own choosing. Having had that opportunity and having failed to take advantage of it, he cannot now complain that he was compelled to accept counsel appointed by the court.

The quality of defense afforded appellant is not an issue here. It is neither alleged nor shown that his substantial rights were violated in any manner. The burden was upon appellant to show reversible error. This he has failed to do and the judgment of the trial court must be affirmed.

Judgment affirmed.

Landis, C. J., Achor, Arterburn and Emmert, JJ., concur.

NOTE.—Reported in 137 N. E. 2d 405.

1. *Chandler* v. *State* (1949), 226 Ind. 648, 651, 83 N. E. 2d 189.
2. *Rice* v. *State* (1942), 220 Ind. 523, 525, 44 N. E. 2d 829.
3. *Cross* v. *The State* (1892), 132 Ind. 65, 66, 31 N. E. 473.