LELAND SHOULDERS v. STATE OF INDIANA.

[No. 1176S392. Filed February 2, 1978.
Rehearing denied March 29, 1978.]

*John F. Hoehner*, of Valparaiso, for appellant.

*Theodore L. Sendak*, Attorney General, *Susan J. Davis*, Deputy Attorney General, for appellee.

GIVAN, C.J.—Appellant was convicted by jury trial of kidnapping and sentenced to life imprisonment. Appellant's sole allegation of error is that the trial court erred in refusing to appoint new counsel as requested.

The record reveals that pauper counsel was appointed November 7, 1975, and that on January 2, 1976, the appellant, through counsel, entered a plea of not guilty and filed a motion for change of venue. In a letter sent to the Porter County Superior Court on January 3, 1976, and in his verified motion, the appellant expressed a loss of faith and trust in his court-appointed counsel specifically, and in all attorneys from Michigan City in general. Appellant requested appointment of counsel from Valparaiso, Indiana.

Prior to trial the trial court conducted a hearing to determine whether or not new counsel should be appointed for the

appellant. Appellant clearly has the right to be represented by counsel. Indiana Constitution, Art. I, Sec. 13; *Fitzgerald* v. *State,* (1970) 254 Ind. 39, 257 N.E.2d 305. An indigent however does not have an absolute right to counsel of his own choosing. This is discretionary with the trial court and can be reviewed only for abuse of that discretion. *U.S.* v. *Hampton,* (1972) 457 F.2d 299, *cert. denied* 409 U.S. 856, 93 S.Ct. 136, 34 L.Ed.2d 101; *State* v. *Irvin,* (1973) 259 Ind. 610, 291 N.E.2d 70.

In *Magley* v. *State,* (1975) 263 Ind. 618, 335 N.E.2d 811, this Court stated that an attorney is presumed to be prepared and to have executed his duties effectively and that strong and convincing evidence must be set forth by the accused to rebut this presumption. In resolving the counsel's effectiveness, the Court must look to the record and consider the totality of the circumstances surrounding the attorney's pretrial preparation and his actual conduct at the trial. Generally counsel will not be deemed to be ineffective unless his total representation is adjudged to be a "mockery of justice" or "shocking to the conscience." *May* v. *State,* (1975) 263 Ind. 690, 338 N.E.2d 258. Appellant attempts to distinguish *Magley* in that there the complaint was not made against counsel until shortly before trial, whereas appellant claims he complained against his counsel well in advance of the trial. The factual difference is correct; however we perceive it makes no difference in the case at bar.

There is nothing in this record to indicate that the trial court abused its discretion in requiring the appellant to proceed with appointed counsel, nor is there anything in the record that the appointed counsel failed to discharge his duties properly during the trial in chief. We therefore conclude that the appellant was not deprived of any constitutional guarantees to effective assistance of counsel. The trial court is affirmed.

DeBruler, Hunter, Pivarnik and Prentice, JJ., concur.

NOTE.—Reported at 372 N.E.2d 168.