Steven Leo KEYS, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 978S185.

Supreme Court of Indiana.

May 24, 1979.

Preston T. Breunig, Gary R. Landau, Buck, Berry, Landau, Breunig & Quinn, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Steven Leo Keys, was tried by jury and was convicted of criminal deviate conduct and attempted rape while armed. He was sentenced on the first count for a determinate term of thirty years' imprisonment, the basic sentence for a class A felony. He presents seven issues for our review:

1. Did the court's denial of his motion for a continuance deny the defendant his right to a fair trial?

2. Was the defendant denied effective assistance of counsel?

3. Were remarks made by the court so prejudicial to the defendant that he was denied a fair trial?

4. Did the court err in admitting certain hearsay evidence over the defendant's objection?

5. Did the court err in failing to grant the defendant's request for an evidentiary hearing on the motion to correct errors?

6. Did the court err by increasing the defendant's recognizance bond after conviction?

7. Did the court err in sentencing the defendant?

A review of the facts most favorable to the state reveals the following. The victim saw the defendant hitchhiking near a stalled car. It was pouring down rain and chilly. She offered to take the defendant to the intersection of 46th Street and Emerson Avenue in Indianapolis, Indiana. When she reached this intersection, she decided that she would take the time to drive the defendant to his destination at 42nd Street and Post Road. When the two arrived at the defendant's apartment house parking lot, the victim indicated that the defendant was home and that he should get out. At that time, the defendant grabbed the victim's keys and started to kiss her.

She screamed and began to honk the horn of her vehicle to draw attention to the car. The defendant responded by drawing a knife, holding it to the victim's side and throat, and ordering her into the backseat of the car. There he attempted to rape her but was unable to achieve an erection. He then cut the victim's bra with the knife and forced her to commit sodomy upon him. During this sequence of events, the defendant threatened the victim repeatedly and told her that he had done this type of thing before and it was not pretty.

The victim testified that she was frightened and wanted to get to where she might be able to get help. She talked the defendant into taking her to a motel. She signed the register at the motel and then went to

the restroom where she wrote a note in soap on the stall to call the police. The defendant followed her to the restroom, sticking his head inside periodically, and when she emerged he grasped her arm again. As they passed through the lobby of the motel, the victim grabbed the front desk counter and screamed. The defendant ran from the motel pursued by the desk clerk. The defendant was identified in court by the victim as her attacker. The desk clerk also identified the defendant and confirmed the victim's testimony regarding the events which took place at the motel in his presence.

## I.

On the day of trial the defendant filed a motion for continuance in which it was alleged that his attorney was ill prepared. The court denied this motion, noting that the defendant had previously been granted a continuance and that at the time the continuance was granted the court specifically stated that no further continuances were to be granted. Moreover, it was brought out that the date of trial had been specially set since the victim was away at school.

Ind.R.Tr.P. 53.4 places the granting or denial of a motion for continuance within the discretionary realm of the trial court. We may review a trial court's decision to deny a motion for continuance only for an abuse of discretion. Granting continuances in order to allow more time for preparation is generally not favored in criminal cases without a showing of good cause and will only be granted in the furtherance of justice. *Miller v. State,* (1978) Ind., 372 N.E.2d 1168. In determining whether good cause exists, the trial judge may look to the circumstances of the case as well as the allegations of the motion and is not required to grant the motion simply because it complied with Ind.R.Tr.P. 53.4. *Hooks v. State,* (1977) 266 Ind. 678, 366 N.E.2d 645. Here, the only argument regarding the motion for continuance amounted to a vague allegation that the defendant did not feel adequately repre-

sented and he wanted to replace his counsel. We have held that it is not error to refuse to allow a defendant to replace his counsel during or immediately before trial. *Wombles v. State,* (1979) Ind., 383 N.E.2d 1037; *German v. State,* (1978) Ind., 373 N.E.2d 880. The defendant has not demonstrated a clear abuse of discretion in the denial of his motion for continuance.

## II.

Closely related to the defendant's argument on the denial of his motion for continuance is his allegation that he was denied effective representation of counsel and that he had not been afforded a fair trial. This allegation stems from two postulates: (1) the court erred in not allowing the defendant's counsel to withdraw on the day of trial; and (2) the representation provided by the defendant's counsel was not effective. As we discussed hereinabove, the assertions made by the defendant were largely unsupported expressions of dissatisfaction. There had been adequate opportunity, before the day of trial, for the defendant to secure new counsel. The court did not err in refusing to allow withdrawal on the day of trial. *Wombles v. State, supra; German v. State, supra.*

When we review a cause to determine whether a defendant has, in fact, been denied effective representation, we begin with the presumption that the attorney has been competent. It requires strong and convincing evidence to rebut this presumption, and this Court will not second-guess tactics or strategy of a particular attorney in a particular case. *Dull v. State,* (1978) Ind., 372 N.E.2d 171. Rather, incompetency of counsel revolves around the particular facts of each case and the actions or inactions of the attorney must have made the proceedings a mockery of justice before incompetence will be found. *Blackburn v. State,* (1973) 260 Ind. 5, 291 N.E.2d 686.

In the instant case, the defendant's attorney was alert and thorough in his cross-examination of witnesses; he objected promptly and effectively and preserved al-

leged errors for appeal; he utilized pretrial discovery.

The defendant argues that the failure of the attorney to assert an intoxication defense or to present witnesses in support thereof is conclusive evidence of the attorney's incompetence. We disagree. Considering the nature of the evidence presented at trial, the decision not to introduce the element of alcohol into the crime may have been trial strategy. Furthermore, we have often held that a failure to claim every possible legal advantage is not proof of inadequacy of counsel. *Cottingham v. State*, (1978) Ind., 379 N.E.2d 984; *Robbins v. State*, (1971) 257 Ind. 273, 274 N.E.2d 255. There was no showing here that defendant was denied a fair trial because of ineffective assistance of counsel.

### III.

At the time that the defendant offered his motions for continuance and for withdrawal of counsel, the trial judge made certain remarks concerning the orderly administration of justice. The defendant posits that these remarks, made in the presence of the jury, so prejudiced him that he was denied a fair trial. We have examined the statements in their entirety in the context of the court's ruling on the motions. The thrust of the remarks was that a court must operate in an orderly manner and that last minute motions tend to disrupt the proceedings. While we would not necessarily commend the judge on his choice of words, we do not find that the remarks were specifically directed at the defendant nor were they the type of statements which automatically would have prejudiced the defendant in the eyes of the jury. The jury had not been voir dired at the time the comments were made, and each juror impaneled affirmed that a defendant is innocent until proven guilty. There was no reversible error demonstrated.

### IV.

Next, the defendant alleges that the court erred in allowing a police officer to repeat what the victim had told him con-

cerning the route taken and the events that transpired in the apartment parking lot. This was not error. The witness was cross-examined by the defense. Moreover, the victim was present in court; she had testified and had been cross-examined; she was available for recall by the defendant. The trial court properly allowed the police officer's testimony. *Buttram v. State*, (1978) Ind., 382 N.E.2d 166.

### V.

The trial court did not hold an evidentiary hearing on the defendant's motion to correct errors. We do not believe that the trial rules necessitate such a hearing. Ind.R.Tr.P. 59(D) and Ind.R.Cr.P. 16 and 17 contemplate the use of affidavits served with the motion itself whenever errors are based upon evidence outside the record. The defendant filed an affidavit which addressed the ineffectiveness of his trial counsel. That affidavit was not verified, and the trial court ordered it stricken. The defendant moved for an oral argument and evidentiary hearing on the motion to correct errors on the basis that he needed to examine his trial attorney in court concerning the quality of assistance he had received from that attorney. The trial court denied the motions. Thereafter, the defendant filed a motion to reconsider the motion to correct errors; he included in that filing a copy of the stricken affidavit (now verified) and another affidavit explaining that the original lack of verification was inadvertent. The motion to reconsider was overruled.

There was no error committed by the trial court in refusing to hold an evidentiary hearing on the motion to correct errors. First, the trial rules do not require a hearing. Second, the record provides a substantial factual basis for the court's determination, and nothing in the motion to correct errors, memorandum in support, or accompanying affidavits suggests more than speculation about preferable pretrial and trial tactics. Each of the factual allegations made by the defendant about his trial

counsel is inherently relative to the defense which was offered at trial. As we have discussed, *supra*, the record does not disclose that the actions or inactions of defendant's attorney made a mockery of justice and an evidentiary hearing was unnecessary.

## VI.

After the verdicts of guilty were entered, the court *sua sponte* increased the defendant's recognizance bond. The judge explained this action at the sentencing hearing:

"I do that [increase the bond] in all crimes where there is evidence of violence because the bond that is posted is merely to insure the defendant's appearance for the trial, but after he appears for trial, the obligation under the bond is over, so there is a difference between having the defendant found not guilty and guilty, because there is a three-week delay between the verdict and the time of sentencing and if it is a crime of violence, I have that policy, not only in this case but in every case."

The defendant objects to the court's policy because he believes that it contravenes *Vacendak v. State*, (1973) 261 Ind. 317, 302 N.E.2d 779, in which this Court held that it was error to increase bond without notice and opportunity to rebut the state's evidence. Reliance upon *Vacendak* is entirely misplaced because we are now considering bail pending appeal rather than bail pending trial. Guilt has already been established.

■■■ While it is the case that Indiana does permit the setting of bail pending appeal for persons convicted of offenses other than murder, Ind.Code § 35–4–6–1 (Burns Supp.1978), there is no constitutional right to bail pending appeal. *Scruggs v. State*, (1974) 161 Ind.App. 672, 317 N.E.2d 800. We have not been shown that the trial court abused its discretion in increasing the bail after conviction.

## VII.

Finally, the defendant maintains that the court erred in sentencing him. He states that (1) the court should have granted his motion for change of judge for sentencing and (2) the sentence imposed is manifestly unreasonable.

■■■ The defendant was tried by jury. He asked the court to grant a change of judge before sentencing because he alleged that the trial judge was biased against him due to the fact that the victim was the daughter of a local attorney who was a close personal friend of the judge. The judge denied the motion stating that there is no provision under the rules for a change of judge for sentencing and that the defendant's allegations regarding friendship and bias could not be "further from the truth." Ind.R.Cr.P. 12 governs change of judge procedures and states that we may review rulings on motions for change of judge only for abuse of discretion. *Cade v. State*, (1976) 264 Ind. 569, 348 N.E.2d 394. The unsupported allegations of the defendant did not meet his burden of showing a clear abuse of discretion.

■■■ Under the statute prescribing punishment for a class A felony, a judge may reduce the basic term of thirty years by subtracting ten years for mitigating circumstances or enhance the basic term by adding twenty years for aggravating circumstances. West's Ann.Ind.Code § 35–50–2–4 (1978). At the sentencing hearing evidence was presented by both the defendant and the state regarding the propriety of imposing an increased or a decreased term of imprisonment. The trial judge announced that the sentence would be the fixed term of thirty years. "When a court imposes the basic sentence embodied within a particular criminal statute, this Court will presume that the mandatory considerations were made by the judge, even if the record lacks specificity in enumerating those considerations." *Gardner v. State*, (1979) Ind., 388 N.E.2d 513. The record clearly supports the sentence imposed considering the nature and circumstances of the crime committed and the character of the person.

West's Ann.Ind.Code § 35–4.1–4–7(a) (1978). Therefore, we could not conclude that the sentence is manifestly unreasonable.

For all of the foregoing reasons, there was no trial court error, and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.