Ricky V. EVEY, Jr., Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 1280S464.

Supreme Court of Indiana.

April 30, 1981.

Jerry E. Levendoski, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Aimee L. Kolze, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Ricky Van Evey, Jr., was convicted by a jury of robbery, a class A felony. Ind.Code § 35–42–5–1 (Burns 1979 Repl.). He was sentenced to a term of twenty years in the Indiana State Prison. He presents the following issue for our review: whether the evidence was sufficient to support the verdict of the jury.

When the sufficiency of the evidence is raised as an issue on appeal, this Court examines only the evidence most favorable to the state, together with the reasonable inferences that can be drawn therefrom. If, from that viewpoint, there is substantial evidence of probative value to support the jury's verdict that the defendant was guilty

beyond a reasonable doubt, we will not set aside the conviction. *Henderson v. State,* (1976) 264 Ind. 334, 343 N.E.2d 776.

Viewed from that posture, the record reveals that on the afternoon of January 15, 1980, two men entered the St. Mary's Car Wash at 2211 St. Mary's Street in Fort Wayne and inquired about job openings. After filling out job applications, one of the men pulled a sixteen inch piece of piping from his coat and began striking the attendant about the head and body. As the attendant retreated, the attacker demanded money. Once the demand was heeded, the men tore the telephone from the wall and fled with the cash. The attendant, who suffered a two-inch laceration of his scalp, made both pretrial and in-court identifications of the defendant as the man who wielded the pipe during the robbery.

■ Defendant's challenge to the sufficiency of the evidence is focused on the attendant's in-court identification of him. Defendant argues that the identification at trial was the tainted product of an impermissibly suggestive out-of-court identification, and that no other evidence of probative value was introduced to establish that he participated in the crime.

As the state has emphasized in its brief, however, no objection was interposed at trial to the attendant's in-court identification of defendant or to evidence of the pretrial photographic identification. It is axiomatic that questions of evidence are waived if no objection to the introduction of the evidence is made at the time it is offered. *Stowers v. State,* (1977) 266 Ind. 403, 363 N.E.2d 978; *Zupp v. State,* (1972) 258 Ind. 625, 283 N.E.2d 540. Consequently, the defendant has waived his right to challenge the propriety of the attendant's in-court identification.

■ We note the well established rule that an in-court identification by the same witness who has participated in impermissibly suggestive out-of-court identification is admissible if an "independent basis" for the in-court identification is established. *Parker v. State,* (1976) 265 Ind. 595, 358 N.E.2d 110; *Swope v. State,* (1975) 263 Ind. 148, 325 N.E.2d 193. To determine if the "independent basis" exists, we examine the "totality of circumstances" surrounding the witness's opportunity to observe the perpetrator at the time the crime occurred. Those circumstances include the length of time the perpetrator was in the presence of the witness, the lighting conditions at that time, the distance of the witness from the perpetrator, the capacity of the witness for observation, and the opportunity of the witness to observe particular characteristics of the perpetrator. *Id.*

■ Here, the robbery occurred in broad daylight. The attendant testified that he was in the presence of the defendant for approximately five minutes, that the defendant was "right in front of my face" and that "When something like that happens to you, you know, their face kind of sticks in your head." The record also reveals that prior to his photographic identification of defendant, the attendant accurately described his physical characteristics to police. Based on these circumstances, an independent basis for the attendant's in-court identification did exist, regardless of any suggestiveness which may have occurred at the pretrial photographic identification. *Parker v. State, supra; Swope v. State, supra.*

The attendant's in-court identification of the defendant was unequivocal. That testimony is sufficient evidence to support the defendant's conviction. *Richardson v. State,* (1979) Ind., 388 N.E.2d 488; *Lewis v. State,* (1978) Ind., 383 N.E.2d 65.

For all the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and PRENTICE and PIVARNIK, JJ., concur.

DeBRULER, J., concurs in result.