Leo HARRIS, Appellant,

v.

STATE of Indiana, Appellee.

No. 780S211.

Supreme Court of Indiana.

Nov. 5, 1981.

Harriette Bailey Conn, Public Defender, David P. Freund, Deputy Public Defender, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Frederick N. Kopec, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was charged with theft and with being an habitual criminal. Trial before a jury resulted in a finding of guilty on the theft charge. In a separate proceeding, appellant was found to be an habitual offender. He was sentenced to two (2) years' imprisonment on the theft charge, and by reason of his status as an habitual offender the sentence was enhanced with an additional thirty (30) year term of imprisonment.

The record shows the following facts. In the afternoon of May 4, 1979, Don Delaplane and Dan Randolph were approached by two men outside the Anderson, Indiana, furniture store where Randolph worked. The two asked Delaplane if he was interested in purchasing two hundred (200) used cassette tapes for seventy-five dollars ($75.00). Randolph accompanied appellant to an apartment building two blocks away where he took the money from Randolph and told him to wait outside while he went inside to get the tapes. When appellant did not emerge from the building after a period of about ten minutes, Delaplane and Randolph began a search for the men. They located appellant but were unable to obtain their money or the tapes. Their complaint to the Anderson Police Department resulted in the arrest of the appellant.

Appellant claims the trial court erred in denying the motion of his court appointed counsel to withdraw from the case, said motion having been made on the morning of the trial. Appellant claims this denial deprived him of his right to effective counsel as guaranteed by the Sixth Amendment to the United States Constitution and Article 1, Section 13 of the Indiana Constitution.

At the time of making his motion, the attorney stated to the court that he was thoroughly prepared and ready for trial but that irreconcilable differences had arisen between appellant and himself concerning the manner of conducting the trial. The attorney stated that appellant had accused him that morning of not properly investigating an alibi defense and not making an effort to locate alibi witnesses. The attorney stated to the court, however, that in prior conferences with appellant, he had been told that appellant had no alibi and had no witnesses he wanted to call. The attorney then reiterated his statement that he was ready to go to trial.

The trial court questioned the appellant directly; appellant did not deny telling his attorney that he had no alibi and wanted no witnesses called in his behalf. He could not name any supposed alibi witnesses nor did he offer any explanations as to the nature of his alibi. Appellant told the trial court he wanted to hire a private counsel but neither he nor his family had been able to locate an attorney, nor determine the source of funds with which to pay private counsel. He claimed he was not aware he would ever go to trial and had been told by the attorney there would probably be a plea bargain agreement made reducing the theft charge to a misdemeanor.

The attorney was requestioned and admitted he had told appellant he thought a plea bargain could be arranged but said at that time he was unaware of any prior convictions on appellant's record, as appellant had not told him of any prior convictions. Further questioning revealed that appellant had rejected a plea bargain offered to him four days prior to trial.

The right to counsel in a criminal proceeding does not mean the defendant has an absolute right to be represented by counsel of his own choosing. The appointment of pauper counsel is within the discretion of the trial court and will be reviewed only for an abuse of that discretion. *Duncan v. State,* (1980) Ind., 412 N.E.2d 770; *Shoulders v. State,* (1978) 267 Ind. 538, 372 N.E.2d 168; *State v. Irvin,* (1973) 259 Ind. 610, 291 N.E.2d 70.

Appellant quotes language from the *Irvin* case *supra,* to the effect that a court appointed attorney may not be forced on a pauper defendant; however, he misapplies the holding in *Irvin.* In that case this Court stated:

"The services of an attorney appointed by the court may not be forced upon a pauper defendant but if the defendant refuses to be represented by the appointed counsel, he must find some method to employ his own counsel or proceed in *propria persona.* (Cit. omitted.) The defendant may not arbitrarily compel a trial court to discharge competent appointed counsel." *Id.* at 615–616, 291 N.E.2d at 74.

As in the case at bar, the defendants in *Irvin, supra,* did not register their dissatisfaction with the court appointed attorney until the time for trial was imminent. Also, as in the *Irvin* case, here the court appointed attorney had been on the case since its inception and his competence was not suspect. This Court further stated in *Irvin, supra :*

"Since trial was imminent, the court appointed counsel was familiar with the case, and appellants' reason for the request was merely a lack of confidence in their attorney, the trial court did not abuse its discretion when it denied the request." *Id.* at 616, 291 N.E.2d at 74.

Appellant argues the fact that both he and his attorney wanted the appointment rescinded distinguishes this case from *Irvin, supra.*

In the case at bar, the attorney stated his readiness to proceed with trial but was merely presenting his client's dissatisfaction with his representation to the trial court for the court's consideration. We have often stated our approval of denial of defendant's motion to replace his counsel during or immediately before trial and we do not withdraw from that position now. See, *Keys v. State,* (1979) Ind., 390 N.E.2d 148; *Wombles v. State,* (1979) Ind., 383 N.E.2d 1037; *German v. State,* (1978) 268 Ind. 67, 373 N.E.2d 880.

In *Page v. State,* (1956) 235 Ind. 628, 137 N.E.2d 405, this Court held it was not error for the trial court to compel an accused to accept court appointed counsel when he has failed to take advantage of an opportunity to employ private counsel.

In the case at bar, appellant had the opportunity to employ private counsel. For two months prior to trial he had failed to make any progress toward finding an attorney. He also failed to demonstrate that a grant of more time would make it any more likely that he would be able to find anyone to represent him. We hold the trial court did not err in requiring appellant to proceed with trial with his court appointed counsel.

In a related assignment of error, appellant also claims the trial court erred in denying his *pro se* motion for a continuance. In his motion he stated he needed more time to locate his alleged, but unnamed, alibi witnesses and to locate the private attorney he wanted. As above set out, he made no showing to the trial court that a continuance would be productive as to either situation.

Indiana Trial Rule 53.4 governs the granting of continuances and puts the granting of such motions within the discretionary realm of the trial court. Denial of

a motion for a continuance is reversible error only where that discretion is abused. Abuse of discretion is shown only where the record shows the defendant was prejudiced by the denial of the motion. *Dorton v. State*, (1981) Ind., 419 N.E.2d 1289; *Whitacre v. State*, (1980) Ind., 412 N.E.2d 1202; *Vaughn v. State*, (1978) 269 Ind. 142, 378 N.E.2d 859. We hold the trial court did not err in refusing to grant appellant's *pro se* motion for a continuance.

Appellant next claims the trial court erred in refusing to suppress the identification testimony of Delaplane and Randolph. He contends their testimony should have been suppressed because it was the product of an unduly suggestive pretrial identification procedure. The record shows the photographic display prepared by police consisted of photos of six black men of relatively the same age and with no particularly distinguishing features. We see no disparity or significant difference in appellant's features that serve to make his photograph stand out from the others.

▮ Appellant claims police improperly included in the display, photos of men with beards despite the witnesses' description of the thief as clean-shaven. We fail to understand how that is to be viewed as unduly suggestive, so long as more than one person in the display was clean-shaven. There is no evidence in this record that the police suggested to the witness that appellant was in the display. A policeman did testify he had appellant in mind as a suspect when he made up the display. However, there is no indication the officer's state of mind was relayed to the victims of the crime.

▮ The record also shows that at the trial the witnesses identified appellant. No objection was made to that identification at that time. Although appellant moved to suppress this testimony prior to the time it was offered to the jury, the law clearly requires an additional objection when the identification testimony is offered as evidence. *Evey v. State*, (1981) Ind., 419 N.E.2d 971; *Duvall v. State*, (1981) Ind., 415 N.E.2d 718; *Drake v. State*, (1979) Ind., 397 N.E.2d 600; *Stowers v. State*, (1977) 266

Ind. 403, 363 N.E.2d 978. Thus the issue is not preserved for review. We hold the trial court did not err in permitting the identification of the appellant.

Appellant claims the trial court erred in denying his motion to dismiss the habitual offender count. In the motion, appellant contended the count should be dismissed because he had been "acquitted" of an habitual offender count in a prior proceeding. Thus reprosecution constituted double jeopardy and was an attempt at readjudication of a matter which was *res judicata.*

▮ Appellant asks us to reconsider our earlier decision in *Hall v. State*, (1980) Ind., 405 N.E.2d 530, in which we held the double jeopardy prohibition did not apply to reprosecution of an accused as an habitual criminal. We see no reason to deviate from our decision in *Hall, supra.* We also held against appellant on this same issue in a case handed down very recently from this Court. *See, Baker v. State*, (1981) Ind., 425 N.E.2d 98, for a more lengthy treatment of the issue. The trial court did not err in denying appellant's motion to dismiss the habitual offender count.

Appellant next claims the trial court erred in permitting the State to bring the habitual offender charge on the day his trial commenced. He cites *Howard v. State*, (1978) 268 Ind. 589, 377 N.E.2d 628, for the proposition that amendment of the charging instrument to add an habitual offender count after arraignment on the underlying felony is permissible, only if the substantial rights of the defendant are not prejudiced. He also cites *Mitchell v. State*, (1979) Ind., 398 N.E.2d 1254, for the additional premise that arraignment on habitual offender charges after trial on the underlying felony is permissible only where the defendant's rights are not prejudiced. He contends his rights were prejudiced by virtue of the brief notice thus provided by the State of its intent to bring the habitual offender charge.

In *Mitchell, supra*, this Court held arraignment on habitual offender charges is permissible only where the defendant is ad-

equately prepared to defend against them. However, after reaching that conclusion this Court further stated:

"[A]lthough appellant himself did request a continuance at this point, the request was based on the same reason he had raised at the beginning of the trial concerning the selection of a different attorney. Appellant's counsel indicated he was aware of the charges and was prepared to go ahead with the proceedings. Counsel did not request a continuance in order to prepare to meet the allegations of the amended information. Accordingly, we find no error here." *Id.* at 1257–58.

In the case at bar appellant moved to dismiss the habitual offender count prior to arraignment and trial on that charge. Although a motion to dismiss might have been valid for other reasons, it was not adequate to raise the question of the late filing. The proper remedy for the late filing was a motion for a continuance. Indiana Trial Rule 53.4; *Mitchell, supra.*

Though appellant moved *pro se* for a continuance prior to trial on the underlying felony charge, he did so on the ground he needed the time to hire another attorney and locate his alibi witnesses. At his arraignment on the habitual offender charge he did not renew his motion for continuance. The trial court did not err in requiring appellant to go to trial on the habitual criminal charge.

Appellant next argues the enhancement of his sentence should be vacated because the habitual offender statute, I.C. 35–50–2–8 [Burns 1979] is unconstitutional. He claims the statute is unconstitutional because it is a delegation of "unbridled discretion to the prosecutor as to when such charge should be filed." This Court has already treated the question of the unconstitutionality of the habitual offender statute on the grounds asserted by appellant in *Eaton v. State,* (1980) Ind., 408 N.E.2d 1281. We see no reason to depart from our holding in *Eaton.* We therefore reiterate our holding that the habitual offender statute is constitutional.

Appellant claims the trial court erred in not granting his motion for an evidentiary hearing on the Motion to Correct Errors. He contends he desired to present evidence concerning the competence of the representation by his court appointed counsel. We find nothing in the rules of this Court that require an evidentiary hearing on such a motion. In *Keys v. State,* (1979) Ind., 390 N.E.2d 148, we held no evidentiary hearing on the Motion to Correct Errors is required or needed when one of the errors alleged therein was incompetence of trial counsel. We noted in that case, "the record provides a substantial factual basis for the court's determination" of the issue. *Id.* at 151.

We would further observe that in addition to the record available to the trial judge concerning the competence of counsel, Indiana T.R. 59 and Indiana R.C.P. 17 both permit the filing of affidavits with the Motion to Correct Errors whenever errors are to be based on matters otherwise outside the record. A properly verified affidavit thus becomes part of the record under these rules. *Merry v. State,* (1975) 166 Ind. App. 199, 335 N.E.2d 249; *Stevenson v. State,* (1975) 163 Ind.App. 399, 324 N.E.2d 509. If the affidavit is uncontradicted, the appellate court must accept its contents as true. *Scharbrough v. State,* (1968) 249 Ind. 316, 232 N.E.2d 592. Thus there is a mechanism available to a defendant to bring facts *dehors* the record before the trial court and the Court of Appeals.

In the case at bar, an affidavit was filed. However, it only alleges that, if an evidentiary hearing is held, appellant will testify as to his allegations of incompetent representation at trial. In the affidavit he makes no presentation of facts upon which the court could base a judgment on such an allegation.

The trial court is in all things affirmed.

GIVAN, C. J., and HUNTER and PIVARNIK, JJ., concur.

PRENTICE, J., dissents with opinion in which DeBRULER, J., concurs.

PRENTICE, Justice, dissenting.

I dissent from the majority opinion insofar as it holds that the trial court did not err in denying Appellant's motion to dismiss the habitual offender count, for the same reasons expressed in my dissenting opinion in the recent case of *Baker v. State*, (1981) Ind., 425 N.E.2d 98.

Appellant, in the case before us, had previously been acquitted of an habitual criminal count wherein the same convictions utilized in this case had been unsuccessfully utilized to support the charge of habitual criminality. Again, the majority has misapplied *Hall v. State*, (1980) Ind., 405 N.E.2d 530. In *Hall*, there had been no prior acquittal. As in *Baker v. State, supra*, by allowing the State to use those same two convictions a subsequent time, following a prior negative finding, to support a finding of habitual offender status permits the State to refine the evidence of those convictions, to re-litigate the issue before a different jury and to obtain a finding therein which is contrary to the prior finding. Collateral estoppel should operate to prevent the opportunity for just such refinement of the evidence.

The majority, in *Baker v. State, supra*, proceeded upon the theory that the prior convictions did, in fact exist and continued to exist, notwithstanding that a jury had previously found to the contrary. It must be recognized, that the same result obtains without regard to the correctness of the prior verdict against the State. In other words, under the *Baker* decision, the State may charge one with habitual criminal status who, in fact did not have such status; and if a jury so finds, the State may continue to charge and re-charge the defendant, until it ultimately obtains a contrary, but erroneous finding. Under *Baker*, a defendant so abused can have no remedy.

I concur with the majority upon the other issues in this case and would affirm the theft conviction but reverse as to the habitual offender sentence.

DeBRULER, J., concurs.