Jafus **WILLIAMS**, a/k/a Jafus Woods, Appellant,

v.

**STATE of Indiana, Appellee.**

No. 184 S 13.

Supreme Court of Indiana.

July 24, 1984.

Bruce S. Cowen, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Cheryl L. Greiner, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Appellant Jafus Williams, also known as Jafus Woods, was convicted of robbery, a Class B felony, at the conclusion of a jury trial on April 21, 1983. He was committed to the Department of Correction for a period of sixteen (16) years. The crime in question occurred around midnight of September 29, 1981 when two men, one brandishing a silver pistol, entered a Taco Bell restaurant and demanded money. One of the employees, Tonya Mudd, witnessing the crime later identified the unarmed robber to the police. In doing so, she described the robber as having a scar on his chin, and further noted she had seen him before at which time she had noticed the scar. She told the police she believed the man's name was "Woods." After giving the police this description, but prior to trial, Mudd was shown seven photographs by the police, and identified the appellant as one of the robbers. Of the seven photographs shown to Mudd, only one man had a scar on his

chin, this being the photograph of Woods. Also, at trial Mudd identified Woods as one of the robbers.

Two errors are asserted by Appellant, concerning: (1) an error by the trial court in allowing Tonya Mudd to identify Woods in court after having viewed an alleged prejudicial photographic display; and (2) insufficiency of evidence, in that had Mudd's testimony been found tainted by the unduly suggestive photograph display, and therefore suppressed, there would have been no evidence of probative value indicating Woods was involved in the crime.

I

Appellant asserts that suggestive photographic identification procedures furnished to identifying witness Tonya Mudd, so tainted her in-court testimony as to make it unreliable, and therefore inadmissible. The evidence shows that after Mudd identified, to the police, one of the robbers as having a scarred chin, the police officer showed Mudd seven photographs, only one depicting a man with a scarred chin. The appellant was identified as one of the robbers. The evidence also indicates Mudd, in identifying the robber, told police she had seen him before, and believed his name was "Woods." Mudd identified the appellant at trial from the witness stand. Although only one photograph depicted a man with a scarred chin, another photograph showed a man with his head bowed in such a manner that his chin was barely discernible.

■■■ Claims in the area of photographic displays should be evaluated in light of the total circumstances and with consideration of the facts of each case. *Pierce v. State*, (1977) 267 Ind. 240, 369 N.E.2d 617, 620. Furthermore, the pre-trial photographic display was not so unnecessarily suggestive as to raise a substantial likelihood of misidentification. Because a witness's in-court identification following a photographic display need not be suppressed unless it is shown that the photo display was unnecessarily suggestive, we find no error was committed. *Stovall v. Denno*, (1967) 388 U.S. 293, 302, 87 S.Ct.

1967, 1972, 18 L.Ed.2d 1199, 1206. Mudd's in-court identification of Woods was properly admitted.

Appellee further argues that an "independent basis" for Mudd's in-court identification exists. Since we have already found that the photograph identification display was not unduly suggestive, we briefly address this argument to further support our finding that the photograph identification display did not so taint a witness, Mudd, as to make her testimony inadmissible.

■■■ An in-court identification by the same person witness who has participated in impermissibly suggestive out-of-court identification is admissible if an "independent basis" for the in-court identification is established. *Evey v. State*, (1981) Ind., 419 N.E.2d 971; *Parker v. State*, (1976) 265 Ind. 595, 358 N.E.2d 110; *Swope v. State*, (1975) 268 Ind. 148, 325 N.E.2d 193, *cert. denied* (1975), 423 U.S. 870, 96 S.Ct. 135, 46 L.Ed.2d 100. The determination of "independent basis" is made by examining the "totality of circumstances" surrounding the witness's opportunity to observe the perpetrator at the time of the crime. These circumstances include the length of time the perpetrator was in the presence of the witness, the lighting conditions at the time, the distance of the witness for observation, and the opportunity of the witness to observe particular characteristics of the perpetrator. *Evey v. State, supra.* Here the robbery occurred in a restaurant lit for serving customers, and in a back office with its only light on. The witness observed the appellant as he walked in, and thereafter she was in the same room with the appellant until he fled. Mudd not only had the opportunity to observe the particular characteristic of a scar on Appellant's chin, but also to recall having seen him before, and remembering his name. On these facts we find an "independent basis" existed for Mudd's identification despite a photographic identification display. Thus we find further basis to hold no error was committed in allowing Mudd to identify the appellant at trial.

## II

Appellant challenges the sufficiency of evidence by focusing on the witness, Mudd's, in-court identification of him. Appellant argues that had the trial court suppressed Mudd's in-court identification of the appellant, because it was tainted by the suggestive photographic display, there would not have been any evidence of probative value indicating the appellant was involved in the crime. Thus, there would have been insufficient evidence to have allowed this matter to go to a jury or to support a finding of guilt beyond a reasonable doubt. With regard to sufficiency of evidence questions, it is well settled that this Court will neither reweigh the evidence nor determine the credibility of witnesses, but will consider only that evidence most favorable to the State with all logical and reasonable inferences therefrom. *Springer v. State*, (1984) Ind., 463 N.E.2d 243. Consistent with our finding in this case that the court properly allowed Mudd's in-court identification of the witness, we find sufficient evidence of probative value to support Appellant's robbery conviction.

Finding no error, we affirm the trial court in all things.

GIVAN, C.J., and DeBRULER, HUNTER and PRENTICE, JJ., concur.