Lloyd Russell **BENNETT**, Appellant,

v.

**STATE of Indiana, Appellee.**

No. 384S75.

Supreme Court of Indiana.

Nov. 30, 1984.

William F. Thoms, Jr., Indianapolis, for appellant.

Linley Pearson, Atty. Gen., Theodore E. Hansen, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of two counts of Robbery, a Class B felony, and three counts of Attempted Murder, a Class A felony. The jury found appellant to be an habitual offender. The court sentenced him to serve a total of one hundred (100) years imprisonment.

■ The trial court's sentencing statement reads in pertinent part:

"[C]ourt now sentences defendant Lloyd Russell Bennett, age 30 years to imprisonment for count I—20 years, count II—20 years, count III—50 years, count 4—50 years, count 5—50 years; count 6—30 years. Counts 1 and 2 are to be served concurrently. Time on counts 3, 4 and 5 to be served concurrently. Time on counts 3, 4 and 5 to be served consecutively to time on counts 1

and 2 *with time of 30 years on count 6 to be served consecutively to counts 1 through 5* making a total of 100 years." (Emphasis added.)

By treating the habitual offender finding as a separate crime (count 6), the court's sentencing relative to appellant's habitual offender status is incorrect.

■ "A sentence upon a finding of habitual criminality is not imposed as 'consecutive' to the sentence imposed for the underlying felony conviction." *Short v. State,* (1982) Ind., 443 N.E.2d 298, 301. Such a finding is not a conviction of a separate crime, but rather provides for the enhancement of a sentence imposed under conviction for an underlying felony. *Jones v. State,* (1983) Ind., 449 N.E.2d 1060; *Dillon v. State,* (1983) Ind., 448 N.E.2d 21. In the instant case the correct sentencing should include the enhancement of one of the sentences imposed under the felony convictions.

The facts are: At approximately 11:00 p.m., on June 12, 1982, appellant and George Hestand entered Pasquale's Pizza at 1135 E. Troy in Indianapolis. Hestand pulled out a revolver and demanded the money in the cash register. After Hestand grabbed the money in the drawer the two men left.

Shortly thereafter, they entered Bob's Tu-Your-Door Pizza at 3653 Carson Avenue. Appellant pointed a handgun at an employee standing behind the counter and demanded the money in the cash drawer, which was given to him. After the pair left, two Bob's employees followed them in a delivery vehicle. The employees continued chasing the Buick driven by Hestand despite appellant's firing at them with a handgun. At the intersection of Hanna and State Road 31 appellant brandished a shotgun from the passenger side window. The employees ended their pursuit at that point.

In the early morning hours of June 13, Indianapolis Police Department Officers Gary Nelson and Ted Hornaday observed the Buick, now driven by appellant, fail to stop at a flashing red light. Nelson pulled the car over and requested that appellant and Hestand get out of the vehicle. Instead of complying, appellant fired two shots at Officer Nelson. Both officers returned fire, with Hornaday shooting out one of the front tires of the Buick. Despite the blown tire, appellant drove off with both officers in pursuit. During the chase Hestand fired a sawed-off shotgun at the pursuing officers.

Appellant and Hestand eventually abandoned their car and fled on foot. Stephen Watts, an Indianapolis Police Department homicide investigator, had parked in the vicinity after hearing of the chase on his radio. Watts observed appellant run out from behind a service station, cross White River Parkway and jump over a railing down to the river. He also observed Hestand follow a similar path. Watts and two other officers apprehended both suspects.

Appellant alleges the trial court erred in admitting State's Exhibit Number 2, a sawed-off shotgun. He argues that a proper foundation was not laid because of insufficient identification of the exhibit and an insufficient showing that the exhibit was connected to him and to the alleged crime. He further argues that a sufficient chain of custody was not established because the crime lab officer did not put her initials on the shotgun until six days after it was taken into police custody.

■ In order to lay an adequate foundation for the admission of an item of physical evidence, the State must show that the witness who observed the particular instrumentality is able to at least state that the item he is shown at trial is "like" the one associated with the crime. *Hooper v. State,* (1983) Ind., 443 N.E.2d 822. Before the instrumentality may be admitted, the State must also show that it is connected to the defendant and to the commission of the crime. *Id.*

■ The State met both of these prerequisites to admission of the exhibit. Officer Nelson testified that the shotgun appeared to be the weapon pointed at him during the car chase. Officer Ann Kelly of the Indi-

anapolis Police Crime Lab testified that the shotgun was the same weapon recovered by Sargeant Watts near the area where the suspects were apprehended.

The weapon was clearly connected to appellant and the commission of the crime. Craig Hurt, one of the Bob's employees who pursued appellant and Hestand, testified that appellant leaned out of the passenger side window and aimed a shotgun at him. Officer Nelson testified that Hestand twice fired a shotgun at him and Officer Hornaday. Sargeant Watts testified that he found a shotgun between some tires behind a service station where appellant and Hestand briefly hid while running from the police.

■ A sufficient chain of custody was also established. Officer Kelly testified that she retrieved and photographed the weapon at the crime scene and locked it in the property room when she returned to headquarters. She further testified that she did not initial the shotgun until six days later; however, this fact does not render the weapon inadmissible. "In the case of non-fungible goods, it is sufficient if the chain of custody strongly suggests the whereabout of the exhibits at all times." *Dier v. State*, (1982) Ind., 442 N.E.2d 1043, 1046, citing *Gurley v. State*, (1976) 264 Ind. 552, 348 N.E.2d 16. There is no indication that the evidence had been anywhere other than the trunk of Officer Kelly's car and the police property room. The trial court did not err in admitting the exhibit.

Appellant also alleges he was denied the effective assistance of counsel. Initially, he contends that the trial court erred in overruling his Belated Motion to Correct Errors without conducting an evidentiary hearing on the motion. The affidavit appellant filed with his motion alleged that his counsel: 1) failed to depose State's witnesses as requested by appellant; 2) failed to object to irregularities in the police lineup; 3) failed to file a Notice of Alibi; and 4) failed to challenge a juror.

■ As to appellant's initial contention, we have previously found there is no authority requiring an evidentiary hearing on the issue of incompetence of counsel, *Harris v. State*, (1981) Ind., 427 N.E.2d 658, and further that the record provides a substantial factual basis for a determination on that issue. *Keys v. State*, (1979) 271 Ind. 52, 390 N.E.2d 148. *See also Douglas v. State*, (1982) Ind., 441 N.E.2d 957. We have also noted that the filing of affidavits pursuant to Ind.R.Tr.P. 59 and Ind.R.Cr.P. 12 avails the movant the opportunity to bring facts *dehors* the record before the court. *Harris, supra.* We find no error in the trial court's denial of an evidentiary hearing, notwithstanding the State's failure to respond to appellant's motion.

■ In addressing the issue of adequacy of representation, this Court indulges a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Elliott v. State*, (1984) Ind., 465 N.E.2d 707. Appellant must show both that his counsel made errors so serious that he was not functioning as the "counsel" guaranteed by the Sixth Amendment of the United States Constitution and that such deficient performance deprived him of a fair trial. *Id.* at 710, citing *Strickland v. Washington*, (1984) —— U.S. ——, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693.

■ Appellant has not shown that the errors alleged in his affidavit resulted in the deprivation of his right to a fair trial. Alleged errors 1, 2 and 4, for which appellant neither offers argument nor shows resultant prejudice, amount to assertions that counsel did not follow appellant's directives. The allegations amount to second-guessing of counsel's tactics, a practice we do not ascribe to on appellate review. This Court will not speculate as to what may have been the most advantageous strategy in a particular case. *Elliott, supra; Hollon v. State*, (1980) 272 Ind. 439, 398 N.E.2d 1273.

Appellant's third allegation, that counsel failed to file a Notice of Alibi, is presumably made because of the preclusion of the

**1348**

testimony of a defense witness on the grounds that his testimony was being offered as an alibi. Defense counsel offered the testimony of Hestand, who stated that appellant did not participate in the alleged offenses. Hestand also testified that he picked up appellant at a tavern after the crimes were committed. Counsel then called Stanley Vaughn, who testified that appellant had been drinking at the tavern named by Hestand. At that point the State's objection was sustained, ending Vaughn's testimony.

Again, we will not speculate as to counsel's strategy. The record reveals that counsel was not pursuing an alibi defense. Absent a showing to the contrary, this Court presumes "that measures that were not employed, either were not indicated by the circumstances or, if indicated, were rejected upon due deliberation." *Helton v. State*, (1980) 273 Ind. 211, 214, 402 N.E.2d 1263, 1266.

Even assuming that the testimony of Hestand and Vaughn was offered to provide appellant with an alibi, we cannot find that preclusion of Vaughn's testimony prejudiced appellant. Vaughn's testimony tended to corroborate Hestand's testimony to the effect that appellant did not participate in the alleged crimes. There is no showing that any further testimony by Vaughn would have negated the earlier testimony of the eyewitnesses. The trial court did not err in finding that appellant was not denied the effective assistance of counsel.

This cause is remanded for sentencing consistent with this opinion. The trial court is in all other things affirmed.

All Justices concur.