Steven Leo KEYS, Petitioner-Appellant,

v.

Jack DUCKWORTH, Superintendent, Indiana State Prison, Respondent-Appellee.

No. 83–2073.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 11, 1984.

Decided May 1, 1985.

Preston T. Breunig, Buck, Berry, Landau, Breunig & Quinn, Indianapolis, Ind., for petitioner-appellant.

David L. Steiner, Deputy Atty. Gen., Indianapolis, Ind., for respondent-appellee.

Before CUMMINGS, Chief Judge, and BAUER and POSNER, Circuit Judges.

PER CURIAM.

■ Petitioner, Stephen Leo Keys, was convicted, after a jury trial in Indiana state court, of criminal deviate conduct, Ind.Code Ann. § 35–42–4–2 (West 1978), and attempted rape while armed, Ind.Code Ann. § 35–42–4–1 (West 1978). However, the trial judge merged the latter felony into the former and pronounced a sentence of 30 years imprisonment based on only the first count. The conviction was affirmed by the Indiana Supreme Court. *Keys v. State*, 271 Ind. 52, 390 N.E.2d 148 (1979). On June 24, 1982, petitioner, aided by an attorney, filed the present petition for a writ of habeas corpus, alleging that he had received ineffective assistance of counsel prior to his state criminal trial.[1] The district court denied petitioner's original application and his motion to reconsider.[2] Petitioner appeals, claiming that the pre-trial

---

1. The other grounds presented in petitioner's application are not argued on appeal.

2. In denying petitioner's motion to reconsider, the district court stated that petitioner had not exhausted his claim that his trial attorney's pre-trial conduct amounted to ineffective assistance. It appears that the district court concluded that this purported failure to exhaust affected only the merits of petitioner's motion to reconsider and did not convert petitioner's application into a mixed petition that should be dismissed under *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). However, it is unclear why the district court concluded that petitioner had not exhausted this claim because, immediately following his conviction and with new counsel, petitioner filed, in the state trial court, a motion to correct errors raising essentially the same issues that he raises in the instant habeas corpus proceeding. In particular, petitioner requested that the state trial court hold a hearing on allegations of his trial counsel's inadequate trial preparation. On appeal, the Indiana Supreme Court affirmed the denial of a post-trial hearing, stating that nothing in petitioner's motion to correct errors demonstrated that his counsel's inactions had resulted in "a mockery of justice." *Keys v. State*, 271 Ind. at 57, 390 N.E.2d at 151–52. Petitioner next filed a state post-conviction petition, once again alleging that the pre-trial conduct of his trial counsel constituted ineffective assistance. In his brief, petitioner states that the Indiana post-conviction court dismissed his petition after determining that the state supreme court had already decided the ineffectiveness issues on petitioner's direct appeal. Thus, it appears that petitioner has indeed exhausted his claims of pre-trial ineffective assistance of counsel because the Indiana Supreme Court has already addressed them and because he no longer has a state forum available to consider them. *See Williams v. Duckworth*, 724 F.2d 1439, 1441 (7th Cir.), *cert. denied*, —— U.S. ——, 105 S.Ct. 143, 83 L.Ed.2d 82 (1984). The state does not argue that petitioner has failed to exhaust his pre-trial ineffectiveness claims. *Cf. Heirens v. Mizell*, 729 F.2d 449, 457 (7th Cir.), *cert. denied*, —— U.S. ——, 105 S.Ct. 147, 83 L.Ed.2d 85 (1984).

performance of his trial counsel was ineffective in that counsel failed to investigate the availability of an intoxication defense, did not interview the victim or the state's corroborating witness, and failed to look for possible defense witnesses. We affirm.

At petitioner's trial, the victim testified that she picked up petitioner, who was hitchhiking beside a stalled car on a rainy night. When the two arrived at petitioner's apartment-house parking lot he grabbed the victim's keys and started to kiss her. She screamed, and petitioner responded by drawing a knife and ordering her into the backseat. He attempted to rape her but was unable to achieve an erection so he forced her to perform oral sex, threatening her repeatedly. She talked petitioner into going to a motel. There, she signed the register and went to the restroom. When she emerged and they passed through the lobby, she grabbed the front desk counter and yelled for help. Petitioner ran.

Petitioner was represented by his present counsel at the sentencing hearing held after the jury had found him guilty. Petitioner's uncle testified under oath that by chance he had encountered petitioner with some friends at a restaurant about an hour before the incident. Petitioner's uncle characterized petitioner at the time as "drunk," "disorderly," and "in pretty bad condition." He offered to drive petitioner home, or suggested that one of petitioner's friends drive, but petitioner refused. Petitioner's father testified that petitioner had a severe drinking problem and one drunk driving conviction and stated that the car petitioner had been driving stalled on the night of the crime because petitioner had had an accident that punctured the gas tank.

 To establish his claim that he received ineffective assistance of counsel, petitioner must show that (1) his counsel's performance fell below objective standards of reasonableness, and (2) counsel's acts or omissions prejudiced the defense. *Strickland v. Washington*, —— U.S. ——, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984). While the choice of a particular line of defense is often characterized as trial strategy, the decision to forego what may be the only available defense can fall below sixth amendment standards. *See Weidner v. Wainwright*, 708 F.2d 614, 616 (11th Cir.1983). *See also Clay v. Director, Juvenile Division, Department of Corrections*, 749 F.2d 427, 430–34 (7th Cir.1984); *Rogers v. Israel*, 746 F.2d 1288, 1294–95 (7th Cir. 1984).

 As noted above, petitioner alleges in his petition that "trial counsel failed to investigate or research the availability of, and the factual basis for, an intoxication defense." [3] The law in Indiana on the defense of voluntary intoxication is in a state of flux. [4] The intoxication defense has been

---

**3.** Petitioner does not challenge the district court's conclusion that the conduct of his counsel during trial satisfied the requirements of the sixth amendment. We have recognized, however, that "[t]he fact that the trial counsel's performance was otherwise admirable would not excuse the failure to conduct a proper investigation." *Rogers v. Israel*, 746 F.2d 1288, 1295 n. 5 (7th Cir.1984). *See also United States ex rel. Cosey v. Wolff*, 727 F.2d 656, 658 (7th Cir.1984), *overruled in part on other grounds, United States v. Payne*, 741 F.2d 887, 891 n. 4 (7th Cir.1984). Failure to investigate, standing alone, might constitute ineffective assistance of counsel if it were prejudicial and did not conform to minimum professional standards. *Cf. Crisp v. Duckworth*, 743 F.2d 580, 583, 587 (7th Cir.1984), *cert. denied*, —— U.S. ——, 105 S.Ct. 1221, 84 L.Ed.2d 361 (1985).

**4.** At the time of petitioner's trial, the applicable statute provided, "Voluntary intoxication is a defense only to the extent that it negates specific intent." Ind.Code Ann. § 35–41–3–5(b) (West 1978). For a historical review of specific intent and the defense of voluntary intoxication under Indiana Law, *see Carter v. State*, —— Ind.App. ——, ——, 408 N.E.2d 790, 794–804 (2d Dist. 1980) (holding that voluntary intoxication is a defense to a charge of assault and battery with intent to gratify sexual desires). Following the decision in *Williams v. State*, 273 Ind. 105, 402 N.E.2d 954 (1980), that robbery is a specific intent crime, the Indiana legislature amended Ind.Code § 35–41–3–5(b) in 1980 to provide: "Voluntary intoxication is a defense only to the extent that it negates an element of an offense referred to by the phrase 'with intent to' or 'with an intention to,'" 1980 Ind.Acts, P.L. 205, Sec. 1. However, the Indiana Supreme Court struck

applied in Indiana to charges of rape and criminal deviate conduct. *See Duffy v. State,* 275 Ind. 191, 195–96, 415 N.E.2d 715, 718 (1981).[5] Moreover, the Indiana Supreme Court has recently held that a defendant in Indiana can offer voluntary intoxication as a defense to any crime. *Terry v. State,* —— Ind. ——, ——, 465 N.E.2d 1085, 1088 (1984). *See also Butrum v. State,* —— Ind. ——, ——, 469 N.E.2d 1174, 1176 (1984). However, the *Terry* court noted, "It is difficult to envision a finding of not guilty by reason of intoxication when the acts committed require a significant degree of physical or intellectual skills. As a general proposition, a defendant should not be relieved of responsibility when he was able to devise a plan, operate equipment, instruct the behavior of others or carry out acts requiring physical skill." *Terry v. State,* 465 N.E.2d at 1088. (Holding that the acts of the defendant in that case showed that no reasonable doubt existed that he had the necessary intent, and that, therefore, it was not error to omit an instruction on voluntary intoxication in his attempted murder conviction.) [6]

 The facts already in the record in the instant case strongly refute any intoxication defense. The crime was ongoing, lasting a significant period of time. The victim testified that when she picked up petitioner on the freeway, "[h]e seemed very [pause]; everything seemed just fine," and she made no mention in her testimony of his appearing intoxicated. Petitioner was able to carry on "light conversation" during the drive to his apartment building, and he gave the victim directions through a part of town unfamiliar to her. When the two arrived at petitioner's apartment-house parking lot, petitioner drew a knife and ordered the victim into the backseat. He ordered her to perform sexual acts, threatening her and telling her that he had "done this type of thing before and it was not pretty." He demonstrated that he was capable of making decisions and formulating a plan when he accepted her suggestion that they go to a motel. Furthermore, the desk clerk at the motel gave no indication in his testimony that petitioner was noticeably intoxicated when he arrived. These facts indicate that petitioner, at the time of the incident, possessed physical and intellectual skills that negate any possibility of his showing that he lacked the requisite specific intent. *See Terry v. State,* 465 N.E.2d at 1088. *See also Johnson v. State,* —— Ind. ——, ——, 455 N.E.2d 932, 937

down this statute in *Terry v. State,* —— Ind. ——, ——, 465 N.E.2d 1085, 1088 (1984), discussed in the text.

5. It is well settled in Indiana that specific intent is an element of an attempt crime, *Scott v. State,* 274 Ind. 687, 689, 413 N.E.2d 902, 904 (1980), and thus, intoxication would have been available to defendant as a defense to his conviction of attempted rape. As indicated above, the trial judge merged petitioner's conviction of that charge into his conviction of criminal deviate conduct.

6. In two companion cases that are remarkably similar to the case at bar, the Indiana Supreme Court recently found that there was no reversible error in informing the jury that voluntary intoxication was not a defense to rape or criminal deviate conduct. *See Zachary v. State,* —— Ind. ——, 469 N.E.2d 744 (1984); *Murphy v. State,* · —— Ind. ——, 469 N.E.2d 750 (1984). While such a defense was available, under the *Terry* decision, the court concluded that any error in the instruction was harmless beyond a reasonable doubt. Murphy was the driver, and Zachary a passenger, in a car that picked up a young woman whose car had had a flat tire. The defendants stopped in a deserted area, beat the woman, raped her, and threatened to kill her with a knife unless she performed fellatio on them. Both men had been drinking and smoking marijuana. The court concluded that there could be no reasonable doubt that Murphy had the specific intent to commit the acts charged. He drove the car, talked to different friends during the ongoing crime, and made decisions on a course of action. *Murphy v. State,* 469 N.E.2d at 753. The court reached a similar conclusion as to Zachary, who had been alert and had threatened to kill the victim, had physically beaten her, consciously grabbed her on more than one occasion to prevent her from leaving the car, gotten out of the car at one point to converse with other friends, and had committed the physical acts involved in the crimes charged. *Zachary v. State,* 469 N.E.2d at 749. *See also Greider v. Duckworth,* 701 F.2d 1228, 1234 (7th Cir.1983) (applying a similar analysis in a § 2254 sufficiency-of-the-evidence challenge to an Indiana attempted murder conviction).

(1983) (appeal from felony attempted murder conviction for striking pedestrians with an automobile after a fight with them). ("Appellant's intoxication is a factual question to be decided by the trier of fact and Appellant bears the burden of proof. So long as Appellant was capable of conceiving a design, she will be presumed—in the absence of contrary proof—to have intended the natural consequences of her acts.") There is no reasonable probability that petitioner's counsel's failure to investigate the intoxication defense affected the outcome of his trial, and therefore, petitioner's claim of ineffective assistance of counsel on this issue must fail. *See Strickland v. Washington,* —— U.S. ——, 104 S.Ct. 2052, 2068–69, 80 L.Ed.2d 674 (1984); *Evans v. Meyer,* 742 F.2d 371, 375 (7th Cir.1984).

■ In his habeas corpus petition, petitioner also alleges:

> Trial counsel for defendant failed to interview the victim in this case, take her deposition, or investigate the victim's background or the facts alleged in the victim's handwritten statement obtained through discovery; trial counsel also failed to interview, depose or investigate any of the eyewitnesses listed by the State; trial counsel further failed to interview possible defense witnesses which became known to him through conversations with the defendant.

On the other hand, the record shows that petitioner's counsel succeeded in getting petitioner's pre-trial bond reduced from $50,000 to $15,000 and that petitioner's trial was continued for four months after counsel began representing petitioner. Petitioner admitted that his counsel had examined the prosecutor's file prior to the trial and had discussed the case with the investigating detectives. The victim was the only eyewitness to the crime, her story never changed, and petitioner does not dispute her identification of him. The state's only other witness, besides the detectives, was the motel desk clerk. He merely corroborated the victim's testimony that petitioner was present with the victim at the motel.

Given the strength of the case against petitioner, it is difficult to conceive of any useful evidence that would have been discovered in a general investigation. At no point in the record before this court, or in the state court, does petitioner indicate the information that further pre-trial investigation would have uncovered. At oral argument, petitioner's current attorney was unable to suggest any prejudice resulting from trial counsel's alleged failure to talk to the victim, the desk clerk or any other potential witnesses. Petitioner has offered no support for his allegations that his right to the effective assistance of counsel was violated by his trial attorney's pre-trial investigation. *See Crisp v. Duckworth,* 743 F.2d 580, 583, 587 (7th Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 1221, 84 L.Ed.2d 361 (1985).

The decision of the district court is AFFIRMED.