James **GREER**, Appellant,

v.

**STATE of Indiana,** Appellee.

No. 981S235.

Supreme Court of Indiana.

June 21, 1982.

Walter E. Bravard, Jr., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted of Robbery. He was sentenced to a fifteen year term of imprisonment.

The record reveals two persons robbed a Pizza Hut located in Indianapolis and took ten dollars from one of the customers. A .38 caliber revolver was used in the robbery.

Appellant claims the verdict is not supported by sufficient evidence of probative value to prove his guilt beyond a reasonable doubt. He alleges the eyewitness' testimony was unreliable because appellant's lower face was covered by a bandanna during the offense.

We will not reweigh the evidence nor judge the credibility of witnesses. Looking solely to the evidence most favorable to the State, and all reasonable inferences drawn therefrom, we will affirm the conviction if there is substantial evidence of probative value supporting the verdict. *Williams v. State*, (1980) Ind., 406 N.E.2d 241.

Both the customer who was robbed and the employee of the Pizza Hut positively identified appellant as the perpetrator of the offense. On the evening of the robbery, a law enforcement officer displayed fifty to sixty photographs which did not include appellant to both witnesses, neither was able to select a suspect. Three days later the officer displayed six photographs to the employee; she identified appellant from this array. Approximately two months later, the customer was presented with six to eight photographs from which

he selected appellant. The officer testified he first showed the photographs with a full facial view. He subsequently covered the lower portion of the facial view. Both witnesses positively identified appellant as the robber. The customer and the employee stated they based their identification of appellant on his facial features, concentrating on his hair, eyes, nose, and forehead. The employee stated she was "very close", approximately one and a half feet, to the appellant and got a good look she'd never forget. She further testified the environment was well lighted. The customer stated he was one and a half to two feet from the appellant for three to four minutes. He consciously concentrated on appellant's facial characteristics and clothing to enable him to give an accurate description. This is ample evidence to support the verdict.

Appellant claims the trial court erred by failing to suppress the in-court identification of him by the two eyewitnesses. Appellant contends the in-court identifications were tainted by impermissibly suggestive identification procedures.

Appellant concedes the challenge to this issue is waived because no objection was made to the admission of such testimony. *Evey v. State*, (1981) Ind., 419 N.E.2d 971. However, appellant argues the trial court's omission rises to the level of fundamental error. We do not agree.

In *Nelson v. State*, (1980) Ind., 409 N.E.2d 637 at 638 this Court stated:

"To be categorized as fundamental error and thus to transcend our procedural requirements, the error must be blatant and the potential for harm must be substantial and appear clearly and prospectively."

We note no blatant or potentially substantial harm accrued to appellant by the trial court's failure to suppress *sua sponte* the identification testimony.

Looking at the totality of the circumstances surrounding the photographic identification procedure, we find no suggestive process utilized by the law enforcement officer. *See, Hill v. State*, (1977) 267 Ind. 411, 370 N.E.2d 889.

Moreover, the evidence in this case was clearly sufficient to support a finding by the trial court that the identifications made by both witnesses had basis independent from the photographic display shown them by the police officer. *Evey v. State, supra.*

In a more recent case, *Warriner v. State*, (1982) 435 N.E.2d 562, we held that the admission of eyewitness identification testimony could not be challenged on the basis of suggestive police procedures via the fundamental error doctrine.

The trial court is in all things affirmed.

All Justices concur.