Bernard E. KOCHER, Appellant,

v.

STATE of Indiana, Appellee.

No. 1181S324.

Supreme Court of Indiana.

Oct. 1, 1982.

Susan K. Carpenter, Public Defender of Ind., Sheila K. Zwickey, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of Kidnapping, Criminal Confinement, and Robbery While Armed with a Deadly Weapon. The trial court merged the Kidnapping and Confinement convictions, sentencing appellant to the thirty (30) year presumptive term. Appellant was sentenced to a term of ten (10) years for the robbery conviction, to be served concurrently with the thirty (30) year term.

Appellant entered Merchants Bank, Bright Branch, with a gun and ordered the tellers and acting branch manager to fill a bag with money. Two of the four bank employees knew appellant as a customer. Appellant wanted someone to go with him and asked for a volunteer. Upon appellant's demand, the acting manager drove

his car to the door of the bank. Appellant rode in the backseat of the manager's car. With the police in pursuit, appellant brandished his rifle to them through the rear window. Eventually, appellant threw the rifle from the car and surrendered.

Appellant presented an insanity defense. Four family members testified regarding appellant's personal and emotional problems. Twelve other witnesses, including two employers, a psychiatric nurse from the Mental Health Center, two police officers, two employees of the Hamilton County, Ohio, Domestic Relations Court and a clinical psychologist testified regarding appellant's history of emotional problems. The clinical psychologist stated in his opinion appellant was legally insane on the day of the offense. Two court appointed psychiatrists testified appellant was legally sane on the day of the offense. Appellant also testified in his defense.

■ Appellant claims the evidence was insufficient to support the jury's verdict. He frames the issue in two parts: (1) did appellant have the intent to kidnap anyone and (2) was his emotional condition such that he did not appreciate the wrongfulness of his conduct. Under our standard of review, we will not reweigh the evidence nor judge the credibility of witnesses. *Williams v. State,* (1980) Ind., 406 N.E.2d 241.

■ Intent to commit a felony may be inferred from circumstances surrounding the event. *Duncan v. State,* (1980) Ind., 409 N.E.2d 597. Contrary to appellant's assertions, that the acting branch manager volunteered to accompany appellant after the robbery is of no moment. Appellant had entered the bank with a rifle, announced his intent to commit a robbery and stated he should take someone with him, requesting a volunteer. Appellant told the bank employees the weapon could "blow a hole" in them. The jury could have reasonably inferred the branch manager was "volunteering" to prevent one of the female tellers from being kidnapped. A similar contention was addressed by this Court in *Coleman v. State,* (1975) 264 Ind. 64, 339 N.E.2d 51 at 55:

"It is of no consequence, under the circumstances, that the trip to Louisville was made at Mr. Robinson's [the hostage] suggestion. He and his family were being held and threatened at gunpoint. He volunteered to do what he did only out of fear of great harm to himself and family. Under these circumstances, his actions cannot be said to have been voluntary but clearly were coerced. The reasonable fear of the use of force or violence, when combined with asportation, is sufficient to sustain a charge of kidnapping."

■ Appellant claims the verdicts are unsupported by sufficient evidence because as a whole, the evidence indicates he was emotionally disturbed and unable to appreciate the wrongfulness of his conduct. The rules regarding the appeal of negative judgments apply to criminal defendants who carry the burden of proof in the insanity defense. *Thomas v. State,* (1981) Ind., 420 N.E.2d 1216. Therefore, a question on the evidence cannot be raised by an allegation of insufficient evidence. Rather, the question must be raised on the assignment that the verdict is contrary to law. *Thomas, supra; Price v. State,* (1980) Ind., 412 N.E.2d 783. Moreover, only when the evidence is without conflict and leads to but one conclusion, will the negative judgment be reversed on appeal.

■ In the case at bar, appellant fails to properly frame his issue as the verdict being contrary to law. We also note the evidence adduced at trial was conflicting. Although a clinical psychologist testified appellant was legally insane at the time of the offense, two court appointed psychiatrists testified he was sane. When the evidence is in conflict, the jury is free to believe whomever they wish. *Duvall v. State,* (1981) Ind., 415 N.E.2d 718.

■ Appellant claims the trial court erred in denying his motion for discharge after denial of his right to a speedy trial. He alleges he was not tried within seventy days of his motion for an early trial, entitling him to discharge pursuant to Criminal Rule 4(B)(1), Indiana Rules of Criminal Procedure.

The record discloses appellant originally filed a motion "for immediate trial pursuant to Criminal Rule 4(B)(1)" on August 12, 1980. Thereafter, he filed numerous pleadings relevant to his insanity defense, creating a delay attributable to him. On November 5, 1980, appellant moved the Court to "immediately set a trial date." The motion was captioned "Motion to Set for Trial." Appellant filed a motion "for an early trial pursuant to Criminal Rule 4 of the Indiana Rules of Criminal Procedure" on December 5, 1980. The cause was tried on January 26, 1981, eighty-two days after the filing of the motion to set a trial date and fifty-two days after the filing of his motion for an early trial.

We hold appellant was not denied his right to an early trial. Appellant was tried within the prescribed seventy day period which commenced on December 5, 1980.

Appellant claims his thirty year sentence for kidnapping is excessive in view of the mitigating circumstances known to the trial court at the time of the sentencing. The trial court recognized appellant's remorse from his statement at the sentencing hearing. Stating it would make a difference in the sentence imposed, the trial judge sentenced appellant to the presumptive sentences, thirty years and ten years respectively for kidnapping and robbery while armed. The judge then stated:

> "Now, from what you have indicated here, the Court will let you serve those concurrently, rather than consecutively. Do you understand what I mean by that, Mr. Kocher? That means that you will be serving them both at the same time rather than doing the one and then starting the second."

I.C. § 35–50–1A–7(b) does not require the trial court to consider the factors enumerated thereunder as mitigating circumstances. The court may in its discretion so consider the factors listed. Ordering sentences to be served concurrently or consecutively is likewise within the discretion of the trial court with one exception, inapplicable to the case at bar. Consecutive sentences must be ordered if a person commits a crime after having been arrested for another crime and before the date he is discharged from probation, parole, or a term of imprisonment imposed for that other crime. I.C. § 35–50–1–2 (Burns 1979).

In the case at bar, appellant posits whether the presumptive sentence is reasonable when the court considers mitigating circumstances, outlines no aggravating circumstances and states the facts will make a difference. While the trial court made no specific findings of aggravating circumstances, neither did he specifically find mitigating circumstances. That appellant believes certain factors to be applicable to him is without significance. The court could properly consider appellant's remorse as a factor in ordering the sentences to be served concurrently which is a discretionary act.

The trial court is in all things affirmed.

All Justices concur.