David Paul HOUZE, Appellant,

v.

STATE of Indiana, Appellee.

No. 482S143.

Supreme Court of Indiana.

Dec. 3, 1982.

William L. Soards, Soards & Carroll, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Latriealle Wheat, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was charged with one count of Rape and one count of Kidnapping. He was found guilty by a jury on both counts. He was sentenced to concurrent terms of imprisonment of thirty (30) years on each count.

The facts in the record are these. On the evening of September 23, 1980, the victim of the crime, C.S., was driving east on Washington Street in Indianapolis to return a borrowed truck to a friend. She stopped at the corner of Washington Street and Mitthoefer Road for a traffic light. Two men, one of whom she postively identified as appellant, opened the passenger door and got in. They told her they needed a ride to German Church Road. She told them she could not take them there. Appellant then pulled a hunting knife from a sheath attached to his belt and threatened her. She testified they both directed her to drive to an abandoned barn at 56th Street and German Church Road.

After stopping the truck on a dirt road leading to the barn, appellant ordered C.S. to disrobe. When she refused he grabbed her head, held the knife to her throat and told her he would slit her throat if she did not comply with the pair's orders. She then disrobed and submitted to sexual intercourse with both men. At one point she grabbed the knife which appellant had laid on the dashboard and threw it out the window. While she was engaged in intercourse with the other man appellant retrieved the knife.

After the sex acts were completed C.S. drove the pair back to the intersection of Washington Street and Mitthoefer Road. There appellant used a telephone while the accomplice stayed in the truck with C.S. The accomplice sat on the edge of the seat with the door open. Realizing she had a chance to escape, C.S. managed to do so by accelerating suddenly and either throwing the accomplice from the seat or inducing him to leap out.

C.S. then drove to a friend's house from which she called the Marion County Sheriff's office. A deputy arrived shortly and

proceeded to take her down Washington Street in route to Community Hospital for a physical examination. While they were traveling, C.S. saw two men whom she believed to be her assailants. The deputy stopped the pair, one of whom the deputy identified as appellant. C.S. at that time positively identified the two as her assailants, whereupon both were arrested. Appellant was wearing a hunting knife carried in a sheath attached to his belt at the time of his arrest. At trial C.S. also positively identified appellant as one of her assailants.

Appellant interposed an alibi defense based only on his own testimony, whereby he attempted to place himself at a trailer court and at a local restaurant during the time in question. He also testified he met the other assailant, one Robert Hendren, while walking home. He testified Hendren gave him the knife and told him it was his brother's. He stated Hendren told him he and his brother had engaged in consensual intercourse with a girl that night who later became angry with them when she discovered they had stolen a bag of marijuana from her. He also testified he knew Hendren's brother and that the latter looked like him.

Appellant claims the verdict is contrary to law and the evidence is insufficient to sustain the conviction.

■ The test we use in sufficiency of the evidence cases is well-known. We do not reweigh the evidence nor judge the credibility of witnesses. *Williams v. State,* (1980) Ind., 406 N.E.2d 241.

■ Appellant centers his argument on certain alleged discrepancies in C.S.'s testimony. He claims she testified that after the assault the assailants used a telephone at the intersection of Washington Street and Mitthoefer Road. A deputy sheriff testified the telephone closest to that intersection was five or six hundred feet away in front of a restaurant on Washington Street. Appellant also asserts there were time discrepancies in C.S.'s testimony. The deputy sheriff answering the call testified the call came in at 12:04 a.m. Appellant claims this

is inconsistent with C.S.'s testimony as to the length of time of the entire incident (forty-five minutes to an hour), her testimony she reported the crime almost immediately after the escape and her testimony the pair entered her car at around 9:00 p.m. He additionally claims she was unable to identify photographs taken of an abandoned barn at 56th Street and German Church Road as photographs of the scene of the crime. Finally, he asserts she was unable to positively identify the knife taken from appellant when he was arrested as the knife allegedly used during the assault.

Appellant incorrectly characterizes some of the testimony of C.S. on these points. She did not testify the pair entered the truck at around 9:00 p.m., but rather that the incident began at some time between 9:00 and 11:00 p.m. She was not at all unable to identify photographs of the scene of the alleged crime except one, which she testified she could not identify because it was too dark when the crime occurred to be sure if that one photograph was taken at the scene. She did positively identify other photographs of the scene. As to the knife, she stated: "It looks like a hunting knife to me, the same knife that the defendant had." This is hardly equivalent to a total inability to identify the knife. As to the telephone used by the assailant after the crime, C.S. did not testify as to its precise location but merely stated it was "on Mitthoefer and Washington Street."

Appellant's claims are thus no more than an invitation to this Court to assess the inherent credibility of C.S.'s testimony. Whatever conflicts appeared in C.S.'s testimony were for the jury to resolve. *Menefee v. State,* (1981) Ind., 417 N.E.2d 302. There were certainly no inherent inconsistencies in her testimony so gross as to require us to disregard all her testimony. *See, e.g., Penn v. State,* (1957) 237 Ind. 374, 146 N.E.2d 240.

The record shows C.S. twice positively identified appellant as one of her assailants, once when he was arrested and again at trial. The uncorroborated testimony of the victim is sufficient to sustain the conviction.

*Poston v. State,* (1981) Ind., 429 N.E.2d 643; *Pavone v. State,* (1980) Ind., 402 N.E.2d 976. We hold the evidence is sufficient to sustain the jury's finding appellant was guilty beyond a reasonable doubt.

Appellant claims the trial court erred in refusing to grant him "a change of attorney." The record reflects on August 6, 1981, appellant filed a *pro se* "Motion for Change of Attorney." In that motion he alleged his court appointed attorney had failed to adequately investigate the facts in his case and had failed to discuss the case with him. The trial court denied the motion.

 Though a defendant has an absolute right to be represented by counsel, he has no right to be represented by counsel of his own choosing if he cannot retain an attorney himself. The trial court has discretion to deny a defendant's request for a new court appointed attorney. Such ruling is reviewable only for abuse of discretion. *Duncan v. State,* (1981) Ind., 412 N.E.2d 770; *Shoulders v. State,* (1978) 267 Ind. 538, 372 N.E.2d 168.

 The record reveals appellant's attorney conducted a vigorous cross-examination of witnesses and tried to draw out the alleged discrepancies in the testimony alluded to earlier. Appellant failed to show how trial counsel's representation of him was inadequate. *See, Shoulders, supra.* We hold the trial court did not abuse its discretion by denying appellant's motion for "a change of attorney."

 Appellant claims the trial court erred in overruling his motion to act as his own counsel at trial. In *Faretta v. California,* (1975) 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562, the United States Supreme Court held counsel may not be forced on an indigent defendant who knowingly and intelligently manifests a desire to proceed *pro se.* However, subsequent to this case it has been held by this Court the indigent defendant does not have a right under the principles of *Faretta, supra,* to "hybrid representation," whereby he represents himself and also enjoys the assistance of a court

appointed attorney at the same time. The trial court may in its discretion deny a motion the granting of which would have the effect of creating such a scheme of representation. *Lock v. State,* (1980) Ind., 403 N.E.2d 1360; *Coonan v. State,* (1978) 269 Ind. 578, 382 N.E.2d 157, *cert. denied,* 440 U.S. 984, 99 S.Ct. 1798, 60 L.Ed.2d 246; *Bradberry v. State,* (1977) 266 Ind. 530, 364 N.E.2d 1183. We see no abuse of discretion here given our finding as to the adequacy of the representation appellant received from his court appointed attorney. There is no error with regard to this issue.

■ Appellant claims the trial court erred in admitting into evidence State's Exhibit One, the knife taken from appellant when he was arrested. Appellant bases his claim of error on the argument that since C.S. was unable to identify the knife as the one used to threaten her during the incident, its admission into evidence was reversible error.

As we stated previously, appellant misstates the record with regard to this issue. C.S. did not, as appellant implies, utterly fail to identify the knife when it was shown to her. She stated, "It looks like a hunting knife to me, the same knife that the defendant had."

Her testimony in this regard is not required to be absolutely positive, but was sufficient to be presented to the jury. *Johnson v. State,* (1980) Ind., 400 N.E.2d 132; *Wilson v. State,* (1978) 268 Ind. 112, 374 N.E.2d 45. Any objections to the admission of such evidence go to its weight, not its admissibility. *Johnson, supra; Carman v. State,* (1979) Ind., 396 N.E.2d 344. There was no error in admitting State's Exhibit One into evidence.

The trial court is in all things affirmed.

All Justices concur.