**Russ RHYNE, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 682S229.**

Supreme Court of Indiana.

April 6, 1983.

Kenneth T. Roberts, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted of confinement and robbery, both Class B felonies. He was sentenced to two terms of ten years to be served concurrently. Appellant was also found to be an habitual offender. He was sentenced to thirty years on this count to run consecutively to Counts I and II.

The record reveals the victim, Petzl, a sales clerk for HiWay Parts, Inc., assisted two customers, one of which was later identified as appellant, in the purchase of a tire gauge. Approximately one hour and twenty minutes later, the same pair attempted to return the tire gauge. They also inquired about the price of a brake hose for a Chevrolet while consulting a repair manual. One man gave Petzl a ten dollar bill toward the purchase of splash guards. While the clerk rang up the sale, he became aware of appellant pointing a handgun at his chest. Appellant's accomplice directed Petzl to an Arvin rack where he was handcuffed. The robber removed Petzl's two wallets, checkbook, watch and wedding ring. Petzl heard what he believed to be the cash register being emptied. After he thought the robbers had fled, Petzl began calling for help. He was released from the handcuffs by officers who responded to his cries for help. Approximately one hundred dollars was missing from Petzl's wallet. Approximately five hundred dollars was missing from the cash register.

At the request of Officer Reardon, Petzl viewed nine hundred to one thousand photographs at the police station. He unequivocally identified appellant as the robber with the gun. Petzl identified a different picture of appellant in a smaller, subsequent photographic array. Petzl identified appellant in a line-up by his appearance and voice.

■ Appellant claims the trial court erred in admitting the testimony of Lt. Mann. The victim gave the police a hat worn by appellant during the robbery and left at the scene. Four head hairs were recovered from the hat and compared with a sample of appellant's hair. Lt. Mann testified the two specimens exhibited the same microscopic characteristics. He stated his analysis did not conclusively show that the two samples were from the same head. His analysis revealed that the sample could have come from the same head. While appellant now argues the evidence should have been excluded because it was based on speculation, guess and surmise and without foundation, he failed to present these grounds for objection to the trial court. The issue is consequently deemed to be waived. *Petruso v. State,* (1982) Ind., 441 N.E.2d 446. Moreover, appellant errs in his only citation to support his argument. *Morris v. State,* (1979) Ind., 384 N.E.2d 1022 does not address an allegation similar to the one presented here on appeal.

■ Appellant claims the trial court erred in denying his motion to suppress witness Petzl's in-court identification of him as the perpetrator of the offenses. Appellant argues Petzl's identification was tainted by suggestive pre-trial procedure.

The record reveals the police requested Petzl come to the police station to view

photographs. Petzl looked at nine hundred to one thousand photographs in a file drawer consisting of men similar to appellant's height and race. Each photograph depicted a man with a placard displaying a six digit number hanging from his neck. Petzl exclaimed when he saw appellant's photograph, unequivocally identifying him. Police officers later displayed thirty photographs without placards to Petzl containing a different picture of appellant. After looking at five or six photographs, Petzl selected appellant's.

Appellant claims the photographs displaying placards were unnecessarily suggestive "in that a person of average intelligence would believe that the person in the picture has a criminal record." Appellant again erroneously relies on the authority of *Fox v. State*, (1980) Ind.App., 399 N.E.2d 827. *Fox, supra,* addressed the issue of mugshots, displayed to the jury, as being unnecessarily suggestive because "Improper use of [mugshots] may be sufficient to cause a *juror* of average intelligence to strongly suspect the defendant has a criminal record." (emphasis ours) *Fox, supra* at 829.

In *Whitt v. State,* (1977) 266 Ind. 211, 216–217, 361 N.E.2d 913, 915, we stated in response to a similar allegation:

"It is better practice for police officers not to use mugshots, or to cover any police identification markings on them if mugshots are used. We have never established, however, a strict rule against the dispolay of such photographs to witnesses. The nature of the photograph is only one factor to be considered. In determining the suggestiveness of photographic displays the courts consider the totality of the circumstances surrounding the display."

We find no impermissible suggestion in the case at bar. Petzl was requested to look through "mugshots" that were classified by height and race. He viewed, while alone, nine-hundred to one-thousand photos before seeing appellant's. No suggestions were made by police that a suspect's photo was in the file or to single out appellant. Where, as here, no array is composed by the police, but instead the witness is exposed to hundreds of mugshots depicting men of similar identifying characteristics, we believe excising or covering the placard on each photo is too heavy a burden to place on law enforcement.

The trial court properly denied appellant's motion to suppress Petzl's in-court identification.

■ Appellant claims the confinement conviction is not supported by sufficient evidence. He argues the testimony of defense witnesses all supported his alibi. We will not weigh the evidence or judge the credibility of witnesses. *Houze v. State,* (1982) Ind., 441 N.E.2d 1369. Petzl positively identified appellant as the man who entered the store and robbed him at gun point. The uncorroborated testimony of the victim is sufficient to support the conviction. *Houze, supra.* When faced with conflicting evidence, the jury is free to believe whomever they choose. *Kocher v. State,* (1982) Ind., 439 N.E.2d 1344. The conviction is supported by ample evidence.

■ Appellant additionally claims the evidence is insufficient to support the habitual offender finding. Certified documents consisting of a commitment order made by the Marion County Criminal Court in Cause Number CR 74–99B and records from the Department of Corrections (DOC) based on a conviction in cause numbers CR 74–99B were admitted into evidence. The DOC records included a fingerprint card and photograph of appellant. Another commitment order in Cause Number CR 77–120B and microfilm photocopies of the Marion County Jail records of Russ Rhyne were also admitted. The jail records included thumbprints. A fingerprint expert testified the fingerprints he took from appellant matched the prints from the DOC and Marion County Jail records. Sufficient evidence supports the habitual criminal finding of two prior unrelated felonies committed by appellant.

■ Appellant claims the trial court erred in refusing his tendered instructions on fingerprints and hair samples. Both instructions stated how the jury should weigh

and consider the evidence. "Instructions that single out particular evidence and exhort the jury to receive it with caution or indicate an opinion of credibility or weight invade the province of the jury and should be refused." *Tawney v. State* (1982) Ind., 439 N.E.2d 582. The trial court did not err in refusing appellant's tendered instructions.

Appellant claims the trial court erred in sentencing him to two terms of ten years for robbery and confinement to run concurrently and a separate thirty year sentence for the habitual offender finding. Citing *Jones v. State,* (1977) 267 Ind. 205, 369 N.E.2d 418, appellant argues he should have been sentenced to forty years for one of the felonies. Appellant is correct. The State cites *Anderson v. State,* (1981) Ind., 426 N.E.2d 674 and *Page v. State,* (1979) Ind., 395 N.E.2d 235 to support the sentence as stated by the trial court. Those cases are in error and have been impliedly overruled by subsequent cases. See *Yager v. State,* (1982) Ind., 437 N.E.2d 454. Both *Anderson, supra,* and *Page, supra,* are now expressly overruled.

This cause is remanded to the trial court for correction of the sentence. Appellant should be sentenced to ten years for one of the convictions and to ten years plus thirty years for the other conviction.

All Justices concur.