Randy F. BREWER, Appellant,

v.

STATE of Indiana, Appellee.

No. 382S83.

Supreme Court of Indiana.

June 21, 1983.

Ray L. Szarmach, East Chicago, for appellant.

Linley E. Pearson, Atty. Gen., Stephan E. Wolter, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of robbery, a Class B felony. He was sentenced to a term of twenty (20) years imprisonment.

The record reveals the victims, James and Marjorie, were driving along the beach in Lake Front Park when their truck became stuck in the sand. A man, later identified as appellant, walked up to the truck and flashed a badge stating he was a patrol officer. Another man entered the passenger side of the truck and pointed a shotgun at Marjorie. Appellant, holding a handgun, pulled James from the truck and took his wallet. Marjorie's purse was taken by the man armed with a shotgun. Although ordered by appellant to lie on the ground, James fled. One shot from the shotgun was fired.

█ Appellant claims the evidence was insufficient to establish his identity as the perpetrator of the robbery. We will not reweigh the evidence nor judge the credibility of witnesses. *Houze v. State,* (1982) Ind., 441 N.E.2d 1369.

Both Marjorie and James described appellant and his apparel; white shorts, white T-shirt and white dress shirt. Although the offense was committed at night, the victims stated they could view the robbers by the dome light of the truck and moonlight. After the offense was committed, the victims walked to a nearby restaurant. Because

they saw appellant and his accomplice at the side of the building, they continued to walk to another restaurant where they telephoned the police.

While the victims were at the police station, appellant came into the building. Marjorie immediately recognized him, stating "that's him." Appellant ran outside into a waiting car which sped away. The police stopped the car, finding a shotgun with one spent cartridge in it on the front seat of the car. Appellant was dressed at the time of his arrest as the victims had described.

■ While there were discrepancies in the physical descriptions of appellant, these affect the weight of the evidence and the witnesses' credibility. *Houze, supra.*

The victims identified appellant in a photographic lineup and at trial.

■ The identification evidence is sufficient to support the conviction.

■ Appellant claims the victim's identifications were the result of suggestive pretrial procedures. Appellant requests we address this issue although he failed to object at trial or raise this allegation in his motion to correct errors. Such omissions result in waiver of the issue. *Greer v. State,* (1982) Ind., 436 N.E.2d 293. Moreover, in *Greer,* this Court held the admission of eyewitness identification testimony could not be challenged on the basis of suggestive police procedures via the fundamental error doctrine.

Appellant claims the trial court erroneously denied his motion for severance. Appellant argued his right to a fair trial was denied by a joint trial with his co-defendant. Appellant had originally been represented by his co-defendant's counsel at trial. He contends his previous counsel had privileged and confidential information which would exculpate his co-defendant and incriminate him. The allegedly privileged information was contained in two letters written by appellant to his first attorney. The letters, not admitted into evidence, allegedly stated the co-defendant did not commit the robbery. Rather, A.C. and a

third party were the perpetrators of the offense. The other source of alleged privileged information was conversations instigated by appellant between appellant and his first attorney after he had ceased representing appellant. His first counsel testified during a hearing on the motion for severance that the interviews held during his representation were only general in nature, reproducing background information and names of potential witnesses.

At trial, appellant's defense counsel first mentioned the letters penned by appellant on cross-examination of the co-defendant. Appellant testified on rebuttal to the contents of the letter, namely that A.C. had committed the robbery, not his co-defendant. Appellant further testified he was not involved in the offense nor did he believe his co-defendant was one of the robbers.

■ We first note the letters and conversations held between appellant and his first attorney, whose representation was terminated three months before the attorney received the information, was not privileged or confidential. Privileged confidential communications between an attorney and client are those made in the course of professional business. I.C. § 34–1–14–5 (Burns Supp.1982). The letters and conversations occurred long after their professional relationship closed. Appellant states that a defendant has a right to be represented by counsel without divided loyalties. However, appellant's counsel at trial did not represent his co-defendant in any capacity at any stage of the proceedings.

Moreover, the record does not indicate any information held by the first attorney was disclosed. The first mention of the letters was occasioned by appellant's defense counsel.

■ The decision to grant or deny a motion for severance is within the trial court's discretion. *Chandler v. State,* (1981) Ind., 419 N.E.2d 142. To succeed on an allegation of erroneous denial of severance, an appellant must demonstrate the court abused its discretion in so ruling. *Chandler, supra; Crenshaw v. State,* (1982) Ind., 439

N.E.2d 620. In reviewing the evidence recited above, it is evident appellant has failed to carry the burden of establishing an abuse of discretion.

Appellant claims the trial court erred by denying his motion for a continuance to depose his co-defendant. The co-defendant testified at trial appellant had made several admissions concerning his guilt. Before the co-defendant testified, appellant requested a continuance to depose him.

■ Granting a continuance lies in the sound discretion of the trial court and will be reversed only where there is an abuse of discretion. *Caccavallo v. State,* (1982) Ind., 436 N.E.2d 775. Appellant has not demonstrated an abuse of discretion.

During the hearing on appellant's motion for severance, co-defendant's counsel testified he had informally advised appellant's counsel of the co-defendant's intent to testify about the admissions "quite some time ago" and formally advised him one week prior to trial. In *Caccavallo, supra,* we held the denial of a continuance was not an abuse of discretion when the appellant failed to exercise due diligence to obtain information sought prior to trial. Similarly, there is no abuse of discretion in denying a continuance during trial, where, as here, appellant was timely informed of the subject matter of the proposed deposition before trial.

Appellant claims the trial court erred in denying his motion for continuance to locate two witnesses referred to by appellant's co-defendant during cross-examination at trial. After testifying about appellant's inculpatory admissions, the co-defendant named former cell mates who were present when appellant's admissions were made.

> "[A] continuance in the midst of a trial cannot be lightly granted as it results in considerable disruption of the trial court's schedule; juror, witness and counsel inconvenience; and substantially increases the risk that the jury cannot again be assembled and the trial brought to a conclusion."

*Williams v. State,* (1979) Ind., 393 N.E.2d 183, 186.

■ The denial of a motion based upon sheer speculation that some benefit might flow from it cannot be considered to be arbitrary or abuse. *Brewer v. State,* (1981) Ind., 417 N.E.2d 889.

■ Appellant's counsel stated upon examination by the court that he did not know the whereabouts of the witnesses but believed them to be incarcerated somewhere within the Indiana penal system. Nor did he know whether the witnesses had overheard appellant's admissions to his co-defendant. The trial court did not err in denying appellant's motion for continuance.

The trial court is in all things affirmed.

All Justices concur.