Roy Clifford **MICHAEL** a/k/a Gary Michael, Appellant,

v.

**STATE of Indiana, Appellee.**

No. 283S71.

Supreme Court of Indiana.

June 21, 1983.

Ray Warren Robison, Bedford, for appellant.

Linley E. Pearson, Atty. Gen., Theodore E. Hansen, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of rape, a Class B felony. He was sentenced to a term of twelve (12) years.

Appellant's sole issue on appeal is whether the judgment is contrary to law. He argues the inconsistencies in the victim's prior statement and testimony during trial and the conflicting testimony of other witnesses renders the evidence insufficient to support the conviction.

The record reveals the victim was awakened in the living room of her trailer by a man holding her jaws together at approximately 3:40 A.M. He threatened to kill her young children if she refused to cooperate. Appellant struck her one year old daughter. He pushed the victim into the bedroom where he forcibly removed her jeans and had intercourse with her. After the rape was committed the victim took her children to her parents' home across the street. The police, responding to the report, came to her parents' home. She told them she had seen the rapist before at her mother-in-law's home. After examining the scene of the offense, the officers escorted the victim to her in-laws' home. There, appellant was found asleep in a back bedroom. His pants were unzipped and his penis exposed. When the bedroom lights were turned on, the victim immediately identified appellant as the rapist.

Appellant characterizes the victim's descriptions of the lighting conditions in her prior statement and in her in-court testimony as inconsistent. However, a reading of the record reveals that while the victim originally stated it was dark, the victim explained at trial the front room was sufficiently illuminated to "see what you're doing" but the kitchen was dark. The investigating officer also testified that there was "quite a bit of light" in the trailer.

Appellant assails the victim's credibility for her failure to notice his tatoos or appendectomy scar. However, both the victim and the police officer testified defendant was wearing a shirt with near elbow length sleeves during the rape and at the time of his arrest. Moreover, the officer did not notice any tatoos until they arrived at the jail although he transported appellant from the scene of the arrest to a local hospital and to the police station.

Appellant cites the testimony of the physician who examined the victim. The doctor did not find bruises on the victim's face although the victim alleged the rapist had held her jaws together tightly. The physician stated that if the face was held tightly marks might have been apparent. There is no merit to appellant's allegation.

Appellant cites the inconsistent descriptions of the victim and her mother-in-law. The victim testified her assailant was dressed in a blue or black jersey, blue jeans, leather belt with a square buckle and tennis shoes. The victim's mother-in-law testified appellant was wearing a black T-shirt and cut off blue jeans.

Under our standard of review, we will not weigh the evidence or judge the credibility of witnesses. *Houze v. State,* (1982) Ind., 441 N.E.2d 1369. Conflicts in the evidence presented at trial are questions for the jury, not the appellate court. *Badelle v. State,* (1982) Ind., 434 N.E.2d 872.

The jury is free to believe whomever they wish. *Kocher v. State,* (1982) Ind., 439 N.E.2d 1344.

■ The victim testified she had previously seen appellant at her mother-in-law's home. She immediately identified him within an hour of the attack and unequivocally identified him at trial. The uncorroborated testimony of a rape victim is sufficient to sustain a conviction. *Houze, supra.* The evidence is sufficient to support the identification of appellant as the perpetrator of the offense. The judgment is not against the weight of the evidence or contrary to law.

The trial court is in all things affirmed.

All Justices concur.