**George DEW, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 283S43.

Supreme Court of Indiana.

July 20, 1983.

Richard D. Gilroy, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana, William E. Daily, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of Infliction of Physical Injury in the Commission of a Robbery. He was sentenced to life imprisonment for the offense which occurred on June 10, 1976.

Appellant's sole issue on appeal challenges the sufficiency of the evidence identifying him as the perpetrator of the robbery. Under our standard of review, we will not reweigh the evidence or judge the credibility of witnesses. *Houze v. State*, (1982) Ind., 441 N.E.2d 1369.

The record reveals three young men entered Mesalam's Meat Deli. The victim, Mr. Mesalam, asked one man for his order at the meat case. While preparing the order, Mr. Mesalam noted the other two men taking money from the employee at the cash register. He was struck on the head with a sawed-off rifle or shotgun but remained conscious. The robber struck him again as he lay on the floor bleeding from the head. Mr. Mesalam sustained head injuries and cuts to the scalp and hand. At the time of trial, six years after the commission of the offense, Mr. Mesalam continued to have visual and auditory impairment from the injuries sustained during the robbery. Approximately three to four hundred dollars in small bills was taken in the robbery. Mr. Mesalam identified appellant at trial. He stated he had seen appellant as he waited on him and between blows in sufficient lighting. The employee was unable to identify appellant.

Witness Anthony Taylor testified he was in appellant's home on the day of the robbery. Taylor saw appellant counting money. The bills were in the denominations of five and ten dollars. When Taylor asked appellant where he got the money, appellant replied he "had just robbed a meat market up the street." Taylor further testified he had seen appellant carry a sawed-off .22 caliber rifle.

Appellant presented a witness who cast doubt on the credibility of Mr. Mesalam's identification. On rebuttal, Mr. Mesalam once again unequivocally identified appellant. An alibi witness testified appellant was attending a birthday party at the time of the offense. However, it is the prerogative of the trier of fact to believe the witnesses or disbelieve them. The jury may disregard the testimony of a witness they

do not believe. *Kocher v. State,* (1982) Ind., 439 N.E.2d 1344.

The uncorroborated testimony of a single witness is sufficient to sustain a conviction. *Houze, supra.* In the case at bar Mr. Mesalam's identification of appellant as the robber who injured him was corroborated by Taylor's testimony. The evidence is sufficient to support the conviction.

The trial court is in all things affirmed.

All Justices concur.