**Nathallis WILLIAMS, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 183S22.**

Supreme Court of Indiana.

July 21, 1983.

George C. Paras, Merrillville, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana, Richard E. Hagenmaier, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted of two counts of robbery, Class C felonies, and kidnapping, a Class A felony. He was sentenced to two five year terms and one twenty year term of imprisonment for the respective offenses. The sentences were ordered to be served concurrently.

Appellant claims the evidence is insufficient to sustain the robbery convictions.

The record reveals on January 16, 1982, at approximately 6:00 P.M. the Gari Castle restaurant was robbed as three employees, Dudley, Welch and Gillis, were preparing to close for the day. A man, later identified as appellant, entered the restaurant and placed an order with Dudley. After Dudley relayed the order to Welch, she returned to the counter to find appellant brandishing a gun. He directed Dudley and Welch to the back of the restaurant at gunpoint. When Gillis entered the restaurant, he too, was forced to the rear of the building. Appellant ordered Welch to fill a paper bag with the cash register receipts. Appellant placed cigarettes and candy in the paper bag. Appellant took money from the employees' pockets and purses, Dudley's boots and Gillis' key chain and wallet. Appellant threatened to kill the employees if he did not receive more money. Dudley gave appellant cash kept in a safe.

Dudley and Welch selected appellant's picture from a photographic array. Dudley testified she had an unobstructed view of appellant's face in good lighting conditions. Contrary to appellant's assertions, she unequivocally identified appellant at trial. Although having selected appellant's photograph from the array, Welch testified at trial the defendant resembled the robber.

 Under our standard of review, we will not reweigh the evidence or judge the credibility of witnesses. *Houze v. State,* (1982) Ind., 441 N.E.2d 1369. The uncorroborated testimony of a single eyewitness is sufficient to sustain a conviction. *Houze, supra.* The evidence is sufficient to support the conviction for robbery of the Gari Castle restaurant.

The second robbery occurred on January 17, 1982, at approximately 6:00 P.M. at Church's Fried Chicken in Gary. Downs, Vinscon and West were employees working at the time of the offense. A man ordered food and an orange soda from Downs. As she bagged his order and rang the sale on the cash register, the man drew a gun. He ordered Downs to place the money in a bag. The man ordered West, the manager, to place money from a second register in the

bag. All three employees were forced into a back room. West opened the safe as directed. A white burlap bag marked Gary National Bank containing coins was taken. The man took money from Downs and Vinscon and West's wallet, watch and car keys. The man placed the food bag, the bank bag, cash, wallet and watch in a plastic trash bag. After locking Downs and West in a cooler, the robber directed Vinscon to carry the trash bag to West's car. He ordered Vinscon to drive him in West's car. Because they could not operate West's automobile, the robber pointed his gun at the driver of a truck, Richmond, and entered his vehicle. The robber drove to an alley, took radio headphones from the truck, put them in the trash bag and fled on foot. The driver saw the robber run toward a house near the alley. Accompanied by a police officer moments later, the driver pointed to the residence to which the assailant had run. They saw a man dressed like the robber in a tan coat with a hood entering the residence Richmond had identified. A woman, carrying two bags of trash from the home, gave the police officer permission to enter and accompanied him to a second floor apartment. The man inside the apartment ran into a small room, refused to come out and was physically removed by police.

At the time of the arrest, the police recovered from appellant's person a starter pistol, currency, rolls of money and a large amount of coins. Several packs of various brands of cigarettes were in plain view on a dresser. When an inventory search was conducted at the police station, two watches, one identified by West as his, and additional money was recovered. Richmond's radio headphones, loose currency and change, the bank bag from Gary National Bank and a radio taken from Church's Fried Chicken were recovered from a trash bag outside the residence in which appellant was found. The contents were covered with orange soda which had been ordered from Church's Fried Chicken. West testified orange soda was spilled in his car. The police officer identified appellant as the man he arrested. He further testi-

fied as to the clothing appellant wore when apprehended which matched the descriptions given by the victims. The employees were unable to identify appellant because the perpetrator of the offense wore a skull cap and scarf covering the lower portion of his face.

Although the evidence is circumstantial in nature, we need only find that a reasonable inference may be drawn therefrom which supports the finding of the trial court. *Pinkston v. State,* (1982) Ind., 436 N.E.2d 306. While no witness of the robbery of Church's Fried Chicken could identify appellant, the overwhelming circumstantial evidence reasonably supports an inference of guilt.

Appellant additionally cites discrepancies in the witnesses' testimony describing the robber. Such variances go to the weight of the evidence and the credibility of the witnesses which are beyond our scope of review. *Houze, supra.*

Appellant claims the conviction of kidnapping is not supported by the evidence. Citing *Smith v. State,* (1979) 270 Ind. 479, 386 N.E.2d 1193, he argues the evidence can only sustain a conviction for criminal confinement because the requisite degree of force necessary for kidnapping was not established by the State.

In *Smith,* this Court reversed a kidnapping conviction for insufficiency of evidence on the element of intent. The facts in *Smith* are readily distinguishable from those presented in the case at bar. The appellant in *Smith* entered a truck driven by the victim at a stoplight. Appellant told her he was not going to hurt her and made comments such as "I don't know why I'm doing this." and "This is weird." No weapon, force or threats were involved. No attempts were made to keep the victim in the truck or prevent her from leaving. The victim jumped out of the truck at a stoplight. Appellant drove the truck several more blocks, parked it and walked to his home. He was arrested in front of his home talking to a friend and drinking a beer. Testifying in his own behalf, appel-

lant stated he believed he recognized the victim and entered the truck under this mistaken identification.

In the case at bar, appellant pointed his weapon at Richmond and commandeered his vehicle to flee the robbery scene. Richmond testified appellant drove with one hand and held the weapon with the other. Because he was fearful of being harmed, Richmond constantly talked to appellant to keep him calm. Appellant left Richmond in the truck when he reached the residential area where he was shortly arrested. Unlike *Smith,* we find the evidence supports the kidnapping conviction.

Appellant claims the trial court erred in admitting testimony regarding a pair of boots taken during the robbery and recovered in a search of appellant's residence following his arrest. Appellant argues the court failed to determine the legality of the allegedly warrantless search. Dudley testified her boots were returned with the help of the police. She made no mention of a search nor where the boots were found. Appellant's counsel asked to approach the bench where a brief discussion ensued. However, no specific objection was made regarding an illegal search issue. To preserve an issue for appellate review, a specific objection must be presented to the trial court. *Wells v. State,* (1982) Ind., 441 N.E.2d 458.

Moreover, appellant presented evidence of the search through direct examination of the investigating officer. Error, if any, was rendered harmless when appellant adduced testimony of the search and recovery of the boots.

The trial court is in all things affirmed.

All Justices concur.