**Otis CHANDLER, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1182S430.**

Supreme Court of Indiana.

July 26, 1983.

J. David Keckley, South Bend, for appellant.

Linley E. Pearson, Atty. Gen., Kathleen Ransom Radford, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of Robbery, a Class A felony. He was sentenced to a term of thirty (30) years imprisonment.

■ Appellant claims the evidence is insufficient to identify him as the perpetrator of the robbery. Under our standard of review, we will not reweigh the evidence or judge the credibility of witnesses. *Houze v. State,* (1982) Ind., 441 N.E.2d 1369.

The record reveals the victim, Coleman, went to a bank to deposit the day's receipts from Kroger Grocery. As Coleman approached the night depository, he noticed a man, later identified as appellant, running from behind a fence. Appellant came to a halt five to seven feet away from Coleman. Coleman dropped the bag as ordered by appellant. Appellant shot Coleman in the left chest, grabbed the bag and fled.

■ Coleman testified the area was illuminated by lights in the parking lot, on the overhead canopy and over the deposit box. He described his assailant before being transported from the scene of the offense. While hospitalized he viewed a photographic array. He immediately and unequivocally identified appellant as the robber who shot him. Coleman also identified appellant at trial.

Coleman's description of the robber, specifically his apparel, conflicted with descriptions given by other witnesses. However, such discrepancies go to the weight of the evidence and credibility of witnesses. *Houze, supra.* It is a question for the trier of fact, beyond our review. *Askew v. State,* (1982) Ind., 439 N.E.2d 1350.

We have held the identification by a single witness to be sufficient to sustain a conviction. *Houze, supra.* Coleman's testimony was not so inherently unbelievable as to make him credibly suspect so as to permit us to disregard it. *Wells v. State,* (1982) Ind., 441 N.E.2d 458.

The evidence is sufficient to support the conviction.

Appellant claims the identification procedures utilized by law enforcement were so suggestive as to lead to a substantial likelihood of mistaken identification. Appellant failed to object at trial to the introduction of the photographic array into evidence or Coleman's in-court identification. The issue is, therefore waived for the purpose of appellate review. *Greer v. State,* (1982) Ind., 436 N.E.2d 293.

We note *sua sponte* an error in sentencing. At the time the instant offense was committed, appellant had escaped from incarceration. He had been convicted of murder and sentenced to a fifty (50) year term of imprisonment. In sentencing appellant for the conviction now before us, the trial court ordered the thirty (30) year term to be served concurrently with the fifty (50) year term. I.C. § 35–50–1–2(b) [Burns 1979 Repl.] divests the trial court of discretion in determining whether sentences shall be served concurrently or consecutively in one instance. The statute reads in pertinent part:

"(b) If a person commits a crime:
  (1) After having been arrested for another crime; and
  (2) Before the date he is discharged from probation, parole, or a term of imprisonment imposed for that crime;
the terms of imprisonment for the crimes shall be served consecutively . . . ."

The proper sentence in the case at bar is thirty (30) years to be served consecutively to the fifty (50) year term previously ordered.

The cause is remanded to the trial court for correction of sentence as set forth above. The trial court is in all other things affirmed.

All Justices concur.