## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 16 2018, 10:13 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| | |
|---|---|
| **APPELLANT PRO SE** | **ATTORNEYS FOR APPELLEE** |
| Anthony Taylor | Curtis T. Hill, Jr. |
| New Castle, Indiana | Attorney General of Indiana |
| | |
| | Frances Barrow |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Anthony Taylor, | January 16, 2018 |
| *Appellant-Petitioner,* | Court of Appeals Case No. 33A01-1708-MI-1914 |
| v. | Appeal from the Henry Circuit Court |
| State of Indiana, | The Honorable Kit C. Dean Crane, Judge |
| *Appellee-Respondent.* | Trial Court Cause No. 33C02-1705-MI-43 |

**Najam, Judge.**

# Statement of the Case

Anthony Taylor, *pro se*, appeals the trial court's denial of his petition for a writ of habeas corpus. Taylor raises three issues for our review, which we consolidate and restate the following dispositive issue: whether the trial court abused its discretion when it denied his petition.

We affirm.

# Facts and Procedural History

On March 13, 1991, Taylor was convicted of burglary, rape, and criminal confinement, and he was adjudicated a habitual offender. The trial court sentenced Taylor to an aggregate sentence of thirty years with the Department of Correction. On April 17, 2006, Taylor was released on parole. On July 20, the Indiana Parole Board declared Taylor to be a delinquent and issued a warrant to revoke his parole on August 15. On August 10, while on parole, Taylor was arrested. On April 23, 2007, the trial court convicted Taylor of possession of a firearm by a serious violent felon and unlawful use of body armor and sentenced him accordingly. Subsequently, this court reversed Taylor's conviction for unlawful use of body armor. On January 17, 2013, the trial court modified Taylor's 2007 sentence to reflect the vacated conviction and sentenced Taylor to fifteen years in the Department of Correction for his conviction for unlawful possession of a firearm by a serious violent offender. The trial court credited Taylor with ninety-three days of jail time credit. On October 4, Taylor was again granted parole for his 1991 burglary conviction,

but he remains incarcerated in order to serve his sentence for his 2007 conviction for unlawful possession of a firearm by a serious violent felon.

[4] On May 10, 2017, Taylor, *pro se*, filed a petition for a writ of habeas corpus, in which he alleged that his constitutional rights had been violated because he had already served time for his sentence for the unlawful possession of a firearm conviction and because the trial court did not credit him with time served when it resentenced him on January 17, 2013. On July 17, 2017, Taylor filed a request for admissions. On July 21, the trial court denied Taylor's petition for a writ of habeas corpus and found that Taylor "continued to serve his 30 year burglary sentence in IDOC custody until October 4, 2013, when he was granted parole status" and Taylor then "began serving his 15 year firearm conviction . . . and due to jail time credit, his estimated date of sentencing was backdated to July 4, 2013." Appellant's App. Vol. II at 59-60. This appeal ensued.

## Discussion and Decision

[5] As an initial matter, we note that the State asserts that "[a]s a technical matter" Taylor's petition should be considered a petition for post-conviction relief instead of a petition for a writ of habeas corpus "because he challenges the revocation of his parole." Appellee's Br. at 12. The State further asserts that, "this Court need not decide whether Taylor's petition requested habeas or post-conviction relief because he has asked the Court to decide the merits of his case." Appellee's Br. at 13. Taylor's petition alleged that he is being unlawfully imprisoned because he was not fully credited with time served on his 2007

sentence between his original date of sentencing on April 23, 2007, and his date of resentencing on January 16, 2013, and, thus, that he is entitled to immediate release from his incarceration. He does not challenge the validity of his 2007 conviction or sentence, and he does not allege that the parole revocation was obtained without sufficient evidence or due process of law. Thus, Taylor appropriately captioned his petition as one for habeas corpus. *See e.g.*, *Hobbs v. Butts*, 83 N.E.3d 1246, 1249 (Ind. Ct. App. 2017).

[6] Taylor contends that the trial court abused its discretion when it denied his petition for a writ of habeas corpus. Indiana Code Section 34-25.5-1-1 provides that

> [e]very person whose liberty is restrained, under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered from the restraint if the restraint is illegal.

Taylor is entitled to habeas corpus only if he is entitled to immediate release from unlawful custody. *Hobbs*, 83 N.E.2d at 1248. We review the trial court's decision on a petition for a writ of habeas corpus for an abuse of discretion. *See Manley v. Butts*, 71 N.E.3d 1153, 1156 (Ind. Ct. App. 2017).

[7] Taylor raises three arguments on appeal. Specifically, Taylor contends that the trial court abused its discretion because the sentencing court erred when it ordered his 2007 sentence to run consecutive to his 1991 sentence; that the court abused its discretion because the sentencing court failed to inform him that his 2007 sentence would run consecutive to his 1991 sentence; and that the

trial court erred when it denied his petition before the State could file its answers to his request for admissions. We address each contention in turn.

## *Consecutive Sentence*

[8] Taylor first asserts that the trial court abused its discretion when it denied his petition because the sentencing court erred when it ordered his 2007 sentence to run consecutive to his 1991 sentence. Taylor argues that the Indiana Parole Board had discretion to decide whether his 2007 sentence should run concurrent with his 1991 sentence or whether it should be held in abeyance and begin after he was granted parole status for his 1991 sentence. Specifically, he argues that the Indiana Parole Board did not take appropriate action when it decided that his 2007 sentence should run consecutive to his 1991 sentence.

[9] In support of his argument, he cites *Hawkins v. Jenkins,* 374 N.E.2d 496 (Ind. 1978). In *Hawkins*, the Indiana Supreme Court held that the parole board properly held Hawkins' sentence in abeyance. The Court relied on Indiana Code Section 11-1-1-1, which stated:

> Any prisoner who commits a crime while at large upon parole and who is convicted and sentenced thereof may be required by the board to serve such sentence after the original sentence has been completed.

Taylor contends that the "discretionary authority does not automatically postpone the commencement of a new sentence, but requires formal action by the Parole Board to accomplish that." Appellant's Br. at 9.

[10] However, Indiana Code Section 11-1-1-11 was repealed in 1979. Instead, the sentencing court properly relied on Indiana Code Section 35-50-1-2. That statute states, in pertinent part:

> (d) If, after being arrested for one (1) crime, a person commits another crime:
>
> (1) before the date the person is discharged from probation, parole, or a term of imprisonment imposed for the first crime; or
>
> (2) while the person is released:
>
> (A) upon the person's own recognizance; or
>
> (B) on bond;
>
> the terms of imprisonment for the crimes shall be served consecutively, regardless of the order in which the crimes are tried and sentences are imposed.

Ind. Code Ann. § 35-50-1-2 (West 2007). Because Taylor committed the crime of unlawful possession of a firearm by a serious violent felon before he was discharged from parole for his 1991 burglary conviction, pursuant to Indiana Code Section 35-50-1-2(d) the sentencing court properly ordered Taylor's 2007 sentence to run consecutive to his 1991 sentence.

[11] Still, Taylor alleges that, because his sentences should have run concurrently, he was denied credit time for time served on his 2007 sentence between the original sentencing date of April 23, 2007, and the date he was resentenced on

January 17, 2013. However, as discussed above, Taylor did not begin to serve his 2007 sentence until he was granted parole status on October 4, 2013. As such, he was not entitled to credit time toward his 2007 sentence for the time he served in the Indiana Department of Correction between April 23, 2007, and January 17, 2013.

## Failure to Inform of Consecutive Sentence

[12] Taylor next asserts that the sentencing court "erred in not ordering that the sentence for the new conviction be served consecutively [sic] to the sentence imposed for Petitioner's 1991 convictions." Appellant's Br. at 10. Specifically, he states that the "error committed was failing to order [Taylor's] sentence to run consecutively [sic] to any he might receive as a result of an impending parole revocation." *Id.*

[13] Taylor's argument on this point is not clear. Insofar as he asserts that the sentencing court was required to order his 2007 sentence to run consecutive to his 1991 sentence, the sentencing court did exactly that, which, as explained above, was required by law. And the cases Taylor cites also support the statutory requirement that his sentences run consecutively. *See Bay v. State*, 489 N.E.2d 1220, 1226 (Ind. Ct. App. 1986) (holding that the trial court erred when it did not order Bay's sentences to run consecutively to sentences for convictions for which Bay was on probation when he committed the instant offense); *Chandler v. State*, 451 N.E.2d 319, 321 (Ind. 1983) (holding that the trial court erred when it ordered the sentence for the crime Chandler committed

after he had escaped from prison to run concurrently to his initial fifty-year sentence).

[14] Nonetheless, Taylor also contends that the "enhancement of consecutive sentencing under the statute attaches to a conviction for a crime committed on parole and the Petitioner expecting a conviction that carries such an enhancement <u>must</u> be informed thereof." Appellant's Br. at 10 (emphasis in original). In essence, Taylor contends that the sentencing court erred when it did not explicitly inform him that his 2007 sentence was to run consecutive to his 1991 sentence. However, Taylor cites no case law or statute to support that contention, nor does Taylor provide any information on how the alleged error harmed him or why he would be entitled to immediate release from his incarceration. Further, Taylor concedes that "[t]he sentencing court was not required to inform [Taylor] of the collateral consequences of the parole violation and subsequent revocation." *Id*. We conclude that Taylor has not demonstrated any reversible error on this issue.

### *Request for Admissions*

[15] Finally, Taylor contends that the trial court abused its discretion when it did not allow the State to file answers to his request for admissions but, instead, denied his petition just four days after he had filed his request for admissions. Taylor asserts that the trial court "did not allow the Petitioner's Request for Admissions to be answered by Respondent and dismissed the case without these facts critical to the issues presented on July 21, 2017[,] four days after the Request for Admissions was submitted." Appellant's Br. at 8.

[16] However, Taylor has not shown how the State's answers could have negated the requirement found in Indiana Code Section 35-50-2-1 that his 2007 sentence run consecutive to his 1991 sentence. The trial court's findings of fact in its denial of Taylor's petition were clearly based on the application of that statute and its effect on Taylor due to his criminal history.

[17] In sum, the sentencing court did not err when it ordered Taylor's 2007 sentence to run consecutive to his 1991 sentence. Further, Taylor concedes that the sentencing court was not required to inform him of the collateral consequence of his parole violation, and Taylor has not shown how the State's answers to his request for admissions would have avoided the statutory requirement that his 2007 sentence run consecutive to his 1991 sentence. As such, the trial court did not abuse its discretion when it denied Taylor's petition for writ of habeas corpus.

[18] Affirmed.

Mathias, J., and Barnes, J., concur.